ASHLEY *against* HILL.

Ashley
*v.*
Hill.

To an action of *assumpsit* upon an *insimul computassent*, the statute of limitations regarding book debts, is not a bar, although the articles, which were the subject of the accounting, were properly chargeable on book; the accounting, in such case, furnishing to the plaintiff a new and distinct ground of recovery.

This was an action of *assumpsit*, commenced *September* 5th, 1822. The declaration contained several counts. The first was for work and labour; the second, for goods sold and delivered; the third, for money laid out and expended; the fourth, for money had and received; and the fifth, on an *insimul computassent*. In the latter count, the plaintiff averred, That on the 20th of *January*, 1812, the defendant accounted with the plaintiff of and concerning divers sums of money from the defendant to the plaintiff before that time due and owing, and then in arrear and unpaid; and upon such accounting, the defendant was found to be in arrear and indebted to the plaintiff in the sum of 63 dollars, 89 cents. The defendant having obtained from the plaintiff a bill of particulars, charged at various times from *June* 7th, 1811, to *January* 14th, 1812, pleaded the statute of limitations, with averments, that the articles, which were the subject of the accounting, were properly chargeable on book; and that more than six years had elapsed since the plaintiff's right of action had accrued. To this plea the defendant demurred; and the plaintiff joined in the demurrer. The case was then reserved for the consideration and advice of this Court.

*Hungerford* and *S. Clark*, for the plaintiff, contended, That the statute limiting the right of recovery in actions of book debt, (*Stat.* 102. *tit.* 25. *c.* 2. ed. 1808.) was not applicable to this case. Notwithstanding the peculiar phraseology of that statute, it has, by construction, been placed upon the same footing as other statutes of limitation. It acts upon the cause of action. *Lord* & al. v. *Shaler*, 3 *Conn. Rep.* 131. *Lord* & al. v. *Harvey*, 3 *Conn. Rep.* 370. Now, the statement of the account creates a new cause of action, and a new promise is implied, which is not barred. It is immaterial what the items of the account were: these are not sued for. It is the balance found due, and stated, by the parties, that is sought to be recovered; and that alone. An account stated is not a book debt. It

cannot be charged on book, and recovered in an action of book debt. It is somewhat analogous to a mistake in the settlement of a book debt. The law, in such case, implies a promise to pay; and *assumpsit* will lie; but book debt will not; nor is such a claim within the book debt limitation act. If there is such an accounting as will lay the foundation of an action on an account stated, there is clearly a new cause of action; because no such action would lie before.

But if the cause of action is unchanged, and the statute of limitations regarding book debts is applicable to it, the "accounting" brings the case within the *saving* of that statute.

*Sherman* and *Ingham*, contra. In *Robbins* v. *Harvey*, 5 *Conn. Rep.* 335. it was decided, that the statute of limitations regarding book debts, as it existed before the revision in 1821, and as it now exists, is applicable, not to the form, but to the cause, of action; that if, from the nature of the indebtedness, book debt would lie, the plaintiff could not deprive the defendant of the benefit of the statute, by bringing *assumpsit*. So it has been held, that where the statute is a bar to a claim in an action at law, it is equally available against the same claim in a suit in chancery. *Lansing* v. *Starr*, 2 *Johns. Ch. Rep.* 151. *Roosevelt* v. *Mark*, 6 *Johns. Ch. Rep.* 289. In the present case, the foundation of the action, is a book account, consisting of charges properly made on book. It is conceded, that book debt would lie originally. Will it not lie now? It has never been satisfied or discharged. Has it been *merged?* No security of a higher nature has been given. What, then, has taken place to change the nature of the indebtedness? The declaration states, and the plea admits, that the account has been *stated*. But consistently with the averments of the declaration, this may have been done by parol; a mere verbal declaration of the amount due on book; or it may have been a mere footing of the account, which, as the bill of particulars shews, was all on one side. But if the statement were reduced to writing, it would make no difference. A written acknowledgment that a certain sum was due on book, would not shew, that nothing was so due. The question is not, whether book debt is the only remedy; but whether it will lie at all. If the original indebtedness remains;—which the account stated rather proves, than disproves;—and if book debt will lie; the statute pleaded is applicable to it, and is a good bar.

*Middlesex,*
July,
1826.

*Ashley*
*v.*
*Hill.*

*Middlesex,*
July,
1826.

Ashley
*v.*
Hill.

DAGGETT, J. The count upon an *insimul computassent* is the only one, which requires examination. The single question presented for consideration, is, Does the statute which limits a recovery, in the action of debt by book, to six years, create a bar to this count ?

*Assumpsit* upon an *insimul computassent,* is an action at common law, long established and well known. When parties account together concerning their mutual transactions, debts, credits and liabilities, and a balance is ascertained, their accounts assume, to some purposes at least, a new shape. The creditor becomes entitled to recover the balance due to him, in an action founded on the fact, that it is acknowledged by the debtor, on an adjustment of their respective claims.

It is, indeed, said, that such adjustment notwithstanding, the creditor may have his remedy in the action of debt by book. This is not denied ; and I think such has been the practice ; but its influence on this question is not perceived. This only shews, that the creditor may resort to his first cause of action, as the debt by book is not extinguished ; but it does not prove, that he is without remedy in *assumpsit,* for an ascertained balance on his new right of action.

It is also said, that in *Robbins* v. *Harvey,* 5 *Conn. Rep.* 335. this Court decided, that the statute of limitations was a good bar to an action of *assumpsit* for goods sold and delivered, as the articles were rightfully chargeable, and were in fact charged, on book. I am satisfied with that decision. It was improper and inadmissible for the creditor to evade the operation of the statute limiting book debts to six years, by resorting to another remedy for the same cause of action ; and this is conformable to precedent.

In the case before the Court, the debtor, by his own act, subsequent to his becoming indebted, has furnished to the plaintiff a new and distinct remedy,—another ground of recovery. There is nothing novel in the idea, that a creditor may elect either of several remedies for the satisfaction of his debt.

The statute in force before the revision of 1821, in the terms of it, did not extend to actions on *insimul computassent* ; nor do I believe, that it ought to be so extended, by construction ; especially, as by a subsequent enactment now in force, (*Stat.* 310. *tit.* 59. *s.* 3.) this action of *assumpsit* is limited to six years.

As the idea was suggested by the counsel in argument, that the provision of the statute pleaded, (*Stat.* 102. *tit.* 25. *c.* 2. ed.

1808.) saving the right of recovery on book debts, where the account had been settled in the manner *therein pointed out*, might apply to this plea, it is proper to remark, that I do not assent to that suggestion. The plaintiff, to avail himself of that provision, should have shewn, in a replication, that his case was within it. The plaintiff and defendant may have accounted together, in manner as is alleged in the declaration, and yet not in the way directed in the statute, so as to prevent the limitation from attaching on the book debt.

*Middlesex,*
July,
1826.

Ashley
*v.*
Hill.

I am of opinion that the plea is insufficient; and that judgment be rendered accordingly.

The other Judges were of the same opinion.

Plea insufficient.