JAMES DOLAN, Respondent, *v.* JAMES MITCHELL, Appellant.

*Statute of Limitations — a loan payable on demand is due at once — a loan by an employee to his employer, distinguished from their subsequent partnership transactions.*

A loan payable upon demand becomes due forthwith, and an action to recover such loan is barred by the Statute of Limitations, unless brought within six years after the loan was made.

Evidence establishing that a loan from an employee to his employer was a distinct transaction, having no relation to a general partnership account subsequently existing between the parties, considered.

FOLLETT, J., dissented.

APPEAL by the defendant, James Mitchell, from so much of a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Yates on the 6th day of June, 1898, upon the report of a referee as adjudges :

"*Third.* That the defendant is entitled to have set off and counterclaimed against that amount the sum of $90.66, balance due him from plaintiff on account of his employment by the plaintiff.

"*Fourth.* That defendant's claim and cause of action for money loaned to the plaintiff, sought to be established as a counterclaim in this action, did not accrue at any time within six years next before the commencement of this action, and is barred by the Statute of Limitations.

"*Fifth.* It is adjudged that the plaintiff recover of the defendant the sum of $60.75, together with the sum of $137.62, costs as taxed herein, making in all the sum of $198.37, and that plaintiff have execution therefor, and from each and every portion of said paragraphs respectively."

*William H. Fiero,* for the appellant.

*C. W. Kimball,* for the respondent.

McLENNAN, J.:

The action was commenced on the 30th day of October, 1897, for an accounting between the parties, who were copartners, and for a settlement and adjustment of all claims and demands between them.

The plaintiff and defendant entered into copartnership on or about the 1st day of April, 1897, for the purpose of conducting a meat market, under the name of Mitchell & Dolan, at the village of Penn Yan, N. Y. They continued in business as such copartners until the 11th day of October, 1897, when said copartnership was terminated by mutual consent. No accounting or settlement of the partnership business had ever been had.

On the 1st day of June, 1889, the defendant loaned to the plaintiff the sum of fifty dollars, which was payable on demand, and at the same time the defendant commenced to work for the plaintiff, who was then conducting a meat market in said village on his own account, at the agreed price of six dollars per week, and worked for him until the 1st of June, 1890. The defendant afterwards worked for the plaintiff two additional weeks, at the agreed price of nine dollars per week.

The action by stipulation was referred to D. A. Marsh, as referee, to hear and determine the same.

There was no dispute upon the trial, and no question is made upon this appeal, as to the partnership accounts, and the finding of the referee in that regard is not complained of.

The referee found that the net amount chargeable to the defendant upon said accounting was $541.20 ; and that the net amount chargeable to the plaintiff upon said accounting was $238.39 ; and that there was due and owing from the defendant to the plaintiff, on

account of said copartnership transaction, the sum of $151.41. The referee also found that the services rendered by the defendant to the plaintiff from June 1, 1889, at the agreed price, amounted to the sum of $330; that the plaintiff paid to the defendant on such account at different times between August 10, 1889, and May 4, 1892, fifteen payments in all, the sum of $263.95, leaving a balance due and owing from the plaintiff to the defendant, on account of the services rendered by him, of $66.05, which, with interest, amounted, at the date of the report of the referee, to $90.66. The referee deducted said sum of $90.66 from the amount which was due and owing from defendant to the plaintiff by reason of their copartnership transactions, which left a balance of $60.75 in favor of the plaintiff, and the referee ordered judgment for that amount in favor of the plaintiff and against the defendant.

The referee found that the fifty dollars, which were loaned by the defendant to the plaintiff on the 1st day of June, 1889, were barred by the Statute of Limitations, and refused to give the defendant credit for that amount, and the rejection of that item by the referee presents substantially the only question upon this appeal.

The defendant contended upon the trial and upon this appeal that the fifty dollars with his account for services constituted but one account between the parties, and that the payments made by the plaintiff from time to time down to May 4, 1892, prevented the statute from running against the item of fifty dollars.

The plaintiff's contention was that the fifty dollars loaned to him by the defendant was no part of the account, but was a separate and independent transaction.

The plaintiff demanded a bill of items from the defendant immediately after the answer was served, and the defendant by his attorney furnished such bill of items, which may be found at page 5½ of the printed case. In substance it was as follows:

1889.

| | | |
|---|---|---|
| June 1st. To cash loaned on demand................... | $50 | 00 |
| 1892. | | |
| May 4th. To balance due on wages .................... | 66 | 05 |
| To interest due on same .................... | 47 | 28 |
| Total ......................................... | $163 | 33 |

And then was added : " The above loan matured by demand for payment of the same January 1st, 1893."

Such bill of items, when analyzed, discloses the fact that the defendant considered that all the payments made by the plaintiff, above referred to, were made upon and in payment for the services rendered by him, and that no part of said payments were to be applied on the loan of fifty dollars.  It is also evident from the bill of items that the defendant's attorney understood at the time that the statute did not run as against the item of fifty dollars until demand was made, to wit, on the 1st of January, 1893.

At page 13 of the printed case the defendant said : " Q. At the time you let Dolan have this $50, on June 1, 1889, anything said about the time of payment ?   A. There was ; he was to pay me when I called for it ; I called on him for it on January 1, 1893."

It will be observed that the fifty dollars was demanded of the plaintiff on the 1st of January, 1893, and after all the payments above referred to were made.

The account kept by the defendant, as appears in the printed case, would seem to indicate that he regarded the fifty-dollar item as a part of the general account, but when the evidence is read in connection with such account, being Exhibit D, it will be found that he kept the credits upon one page of his book, being a little pass book, and the debits on another page, and that the footings on Exhibit D were not made until the time of the trial, or very shortly before, so that there is nothing in the manner of keeping the account which would indicate that the defendant regarded the fifty-dollar item as a part of the account.   In fact, the evidence quite clearly indicates that the defendant regarded the fifty-dollar loan as an entirely separate and distinct transaction between him and the plaintiff.

The foregoing is all the evidence in respect to the item of fifty dollars loaned to the plaintiff.   It clearly appears that such loan was a transaction of a personal nature, entirely distinct from the partnership.   It was a loan of money to be paid on demand, and it, therefore, became due forthwith, and an action against the borrower, unless brought within six years from the time the loan was made, was barred by the Statute of Limitations.   ( *Wheeler* v. *Warner*, 47 N. Y. 519.)

As before said, the referee found that the item of fifty dollars was

barred by the Statute of Limitations. Such finding was justified by the evidence, and no other conclusion would have been warranted.

The defendant also contends that he should be credited with nine dollars and fifty cents for beef which he sold to the defendant on April 28, 1892. There is no evidence in the case relating to such item, except that it is one of the items in the account which the defendant kept, and which account the plaintiff introduced in evidence. The plaintiff, by putting such account in evidence, containing this charge against himself, virtually conceded the correctness of the item. Upon the evidence we think the referee was in error in not crediting the defendant with such item.

The only questions litigated before the referee were those arising out of the counterclaim set up by the defendant, which involved personal and not partnersnip transactions, and as the decision was adverse to the defendant upon such question, the referee properly allowed costs to the plaintiff.

There are no exceptions as to the admission or rejection of evidence which require consideration.

The judgment should be modified by deducting therefrom the sum of nine dollars and fifty cents, with interest thereon from April 28, 1892, and as modified affirmed, without costs of this appeal to either party.

All concurred, except FOLLETT, J., dissenting.

FOLLETT, J. (dissenting):

From April 1, 1897, to October 11, 1897, the litigants were partners under the firm name of Mitchell & Dolan, engaged in retailing, in a small way, meats and fish at Penn Yan, N. Y. The firm was dissolved by mutual consent October 11, 1897, and nineteen days thereafter (October 30, 1897) this action was begun to adjust the accounts of the firm, and it was tried March 8, 1898. The referee found on an adjustment of the partnership accounts that there was due from the defendant to the plaintiff the sum of $151.41. This result was reached from the firm books, which were kept by the defendant, and from his testimony, he being called as a witness by the plaintiff to prove his case. The plaintiff was not sworn, and the correctness of the books kept by the defendant was not challenged,

nor was the truthfulness of his testimony in any way controverted, nor was his credibility impeached. Neither litigant complains that the amount stated by the referee as due on account of the firm matters is erroneous in any particular. The plaintiff gave no evidence tending to show that he had sought an amicable adjustment of the partnership matters, or that the defendant had ever refused to settle those matters, or that his conduct had been unfair in any respect. Under such a state of facts the referee erred in charging the defendant personally with the costs of this equitable action unnecessarily prosecuted by the plaintiff. He should have been denied costs. The very most that the referee could have equitably done would have been to charge costs upon the partnership fund so that they would have fallen equally upon both parties. The discretion of a referee in awarding or refusing costs in an equitable action may be reviewed by this court. (*Couch* v. *Millard*, 41 Hun, 212.)

The defendant as a counterclaim set up in a single count that the plaintiff was indebted to the defendant for work and for money loaned, with interest thereon. His account against the plaintiff consisted of the following items:

| | |
|---|---:|
| "1889, June 1, To cash | $50.00 |
| 1890, June 1, To 52 weeks' labor | 312.00 |
| 1890, June 14, 2 weeks' labor | 18.00 |
| 1892, April 28, 190 beef, 5 | 9.50 |
| | $389.50 " |

Against this account the defendant had credited the plaintiff with $225 cash paid at various dates between August 10, 1889, and June 14, 1890, and with four items of property sold by the plaintiff to defendant at prices agreed upon, amounting to $38.95, the total amount of credits being $263.95, which, deducted from the debtor items, making no account for interest, leaves a balance due on this account from the plaintiff to the defendant of $125.55, which should have been allowed by the referee against the sum found due the plaintiff on the partnership accounts, unless the item of $50 cash is barred by the Statute of Limitations. It is urged in behalf of the plaintiff that the item of April 28, 1892 ($9.50), was not established by the evidence on the trial. This position is untenable. The

defendant kept a book on one page of which were entered the debtor items and on the opposite page were entered the credit items. The correctness of this account so kept was clearly established by evidence drawn out by the plaintiff from the defendant when on the stand, and further the plaintiff offered this book in evidence, and made no attempt to impeach it, which established all the items. But more, the defendant testified, and in this he was not disputed, that January 1, 1893, he gave to the plaintiff a bill of the items of this account showing the balance, and that the plaintiff made no objections to it and promised to pay it when he got some money. Thus the account became an account stated. Every item in the account between the litigants, which accrued before the partnership began, was established by the most satisfactory evidence, which was wholly uncontradicted, and no explanation is offered why the referee rejected the defendant's item of nine dollars and fifty cents. His rejection of this item is an error for which the judgment should be reversed.

Again, I think the referee erred in holding that the item for cash loaned was barred by the Statute of Limitations. He reached this conclusion by holding that as the money was loaned, payable on demand, it did not become due until January 1, 1893, when the whole account was presented, and that none of the credited items which accrued before that date could have been applied as payment or in part payment of the fifty-dollar item not then due. In reaching this conclusion the referee failed to observe that the defendant testified, and in this he was not contradicted, that the plaintiff was asked to pay this item about a year after it was loaned to him, which evidence was drawn out by the plaintiff's attorney upon cross-examination. As before stated, the cash was loaned June 1, 1889, and if the demand for payment was made just one year therefrom, it became due June 1, 1890, after which date the plaintiff paid to the defendant six items, which amounted to fifty dollars and ninety-five cents, which were credited generally on the account in which the item of fifty dollars appeared, which prevented the Statute of Limitations from running.

In case a mutual account exists between two persons, some of the items of which are barred by the Statute of Limitations, and the mutual account is settled and agreed on — becomes an account

stated — the party to whom the balance is due may recover it, though some of the items are barred by the Statute of Limitations. (*Allen* v. *Stevens*, 1 N. Y. Leg. Obs. 359; *Ashley* v. *Hill*, 6 Conn. 246; *Smith* v. *Forty*, 4 C. & P. 126; *Ashby* v. *James*, 11 M. & W. 542.)

The learned counsel for the plaintiff urges that the defendant's bill of particulars served in this action shows that the payments made by the plaintiff to the defendant on this account were applied on wages and not upon the general account. The bill of particulars was not read in evidence on the trial, which is a sufficient answer to the plaintiff's position so far as the present record is concerned; but if it had been read in evidence, it being inconsistent with the answer and with the evidence clearly showing, so far as this record is concerned, that the account had become an account stated, the question became one of fact as to how the payments were actually applied, or should have been applied under the rules of law governing the application of payments.

In case there is a variance between a bill of particulars and the evidence, the latter will control and the variance will be disregarded, unless the adverse party has been mislead. (*Hoag* v. *Weston*, 10 Civ. Proc. Rep. 92; 2 Wait's Pr. 352 and cases cited.)

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment modified by deducting therefrom the sum of nine dollars and fifty cents and interest thereon from April 28, 1892, and as modified, affirmed, without costs of the appeal to either party.