ENOCH A. SANFORD *vs.* JOSEPH E. CLARK.

<div style="float:right">29 457<br>70 484</div>

A debtor testified before the court that an account against him, which was barred by the statute of limitations, was a just one and that he had never paid it, but at the same time claimed that it was barred by the statute, and it was found that he did not intend, in what he said, to promise to pay it. Held, that the admission was not sufficient to remove the bar.

Where there are mutual accounts the credits on one side are applied to the extinguishment of debits on the other as payments intentionally made thereon, and not as the set-off of one independent debt against another.

Where however services were rendered upon a special promise of the party requesting them to pay for them in cash, and the latter had an account against the person rendering the services, it was held that the law would not apply them on the account.

ASSUMPSIT, brought originally before a justice of the peace, and appealed by the defendant to the superior court. The defendant pleaded the general issue, with notice of payment and set-off. The case was tried to the court. The plaintiff's account was for services in repairing a wagon for the defendant, for which the defendant agreed at the time to pay in cash within a few days. The account accrued in 1857, and amounted to $16.50, upon which the defendant had soon after paid $8 in cash, leaving a balance of $8.50 due. The account was charged in the usual form in the plaintiff's book. The defendant had an account against the plaintiff for medical services, which accrued prior to Dec. 20th, 1852, at which time the plaintiff and defendant had examined the account, and it had been agreed that the amount due on it was $8, which the defendant had then re-charged on his book. When the services which the plaintiff had charged in his account were rendered, the defendant had given him credit for the amount on his book. The plaintiff however had no knowledge of this. The claim of the defendant, with interest, was of greater amount than that of the plaintiff, and the defendant claimed the right to apply his account to the extinguishment of the plaintiff's, in the present action, in the same manner as he could have done if the action had been book debt. The court held that the rule applicable to the action of book debt,

in which only a balance of account was sought to be recovered, did not apply to the action of assumpsit, and that the defendant could not so apply his account. The defendant then claimed, that as the services of the plaintiff were rendered before his, the defendant's, account was outlawed, and as he had credited the amount to the plaintiff on his book, and the plaintiff had charged it at the same time on his own book, the law would apply the services upon the defendant's account, and that the plaintiff's claim was thereby extinguished. The court held that the law did not so apply the plaintiff's claim, and that it was not thereby extinguished. The defendant then claimed the right to set-off his account as an independent claim. The plaintiff claimed that it was barred by the statute of limitations. To avoid this claim of the plaintiff and to show an admission of the debt which revived it, the defendant proved that on the trial of the present action before the court below, the plaintiff, for the purpose of dispensing with the necessity of sending for a witness to prove that he admitted the debt to be due on the 20th of December, 1852, expressly admitted that he owed the defendant the debt claimed by him, that the same was a just debt and had never been paid, and was still unpaid, for anything he knew, but that he supposed it had been handed to his assignee, he having several years before made an assignment in insolvency. The plaintiff also testified before the superior court, on cross-examination, in answer to specific inquiries, as follows: "I say now that the defendant's account was a just one, and I do not claim I have ever paid it; it is now due for anything I know." The defendant claimed that these admissions of the plaintiff revived his account, and that he was entitled to a judgment against the plaintiff, under the notice of set-off; and asked the court so to decide. The court found, upon all the evidence in the case, and from the circumstances, that the plaintiff did not intend, and was not understood to intend, by these admissions, to promise payment, or relinquish the protection of the statute, but was insisting upon his right to that protection when he made them, and held that the admissions did not revive the defendant's account.

The court having rendered judgment for the plaintiff, the defendant moved for a new trial.

*Todd,* in support of the motion.

1. The same rule applies to the action of assumpsit as to that of book debt, with regard to the recovery only of the balance due upon mutual accounts. 1 Swift Dig., 583. *Edwards* v. *Nichols,* 3 Day, 16. *Robbins* v. *Harvey,* 5 Conn., 335.

2. The plaintiff's account was extinguished by its application to the defendant's. *Blinn* v. *Chester,* 5 Day, 166. *Fairchild* v. *Holly,* 10 Conn., 175. *Dulles* v. *De Forest,* 19 id., 190.

3. The acknowledgment of the debt by the plaintiff was sufficient to take it out of the statute of limitations. It was sufficient though made after the commencement of the suit. 1 Swift Dig., 305. *Bryan* v. *Horseman,* 4 East, 599. *Rucker* v. *Hannay,* id., 604, note. *Danforth* v. *Culver,* 11 Johns., 146. *Love* v. *Hackett,* 6 Geo., 587. 1 Greenl. Ev., §§ 27, 186, 193, 205. *Lord* v. *Harvey,* 3 Conn., 370. *Marshall* v. *Dalliber,* 5 id., 480. *De Forest* v. *Hunt,* 8 id., 179. *Brown* v. *Keach,* 24 id., 73.

*Brewster,* with whom was *Fry,* contra.

1. The action of assumpsit being brought for the recovery of an entire account, and not, like book debt, for a balance of account only, the defendant could avail himself of his account only by way of set-off, treating it as an independent claim. But this he could not do because it was barred by the statute of limitations. *Alsop* v. *Nichols,* 9 Conn., 357. Angell on Lim., § 14. Chitty on Cont., 663. 2 Parsons on Cont., 248.

2. The account of the plaintiff was not extinguished by its application to that of the defendant. Parsons Merc. Law, 83, note 3.

3. The acknowledgment of the debt by the plaintiff was not sufficient. The new promise must be made before the commencement of the suit. *Bateman* v. *Pinder,* 3 Ad. & El., N. S., 574. *Bradford* v. *Spyker,* 32 Ala., 134. *Winyaw*

*Indigo Society* v. *Kidd*, Dudley, (So. Car.,) 115. *Little* v. *Blunt*, 9 Pick., 488. Angell on Lim., § 240. 2 Greenl. Ev., § 440, note 1. 2 Saund. Pl. & Ev., 313. Answers given by a witness do not have the effect of a new promise. Parsons Merc. Law, 237. *Bloodgood* v. *Bruen*, 4 Seld., 362. Here the acknowledgment was accompanied by circumstances which repel the inference of an intention to make a new promise. 1 Smith Lead. Cases, (4 Am. ed.,) 323. *Bell* v. *Morrison*, 1 Pet., 351. *Bangs* v. *Hall*, 2 Pick., 368. *Hancock* v. *Bliss*, 7 Wend., 267. *Stafford* v. *Bryan*, 2 Paige, 45. And the court has found that no new promise was intended.

SANFORD, J. The account which the defendant proposed to set-off against the plaintiff's demand being of more than six years standing, the plaintiff insisted upon the statute of limitations as a bar to such set-off. And in order to remove the bar, the defendant proved that, on the 20th of December, 1852, (less than six years before the plaintiff's demand accrued, but more than six years before the commencement of this suit,) a settlement was had, and a balance found and agreed to be due from the plaintiff to the defendant on book, which balance was then re-charged to the plaintiff on the defendant's book; and that afterwards, upon the trial of this cause before the justice, the plaintiff expressly admitted that balance to have been due on the 20th of December, 1852, that it was a just debt, and that it was still unpaid for anything he knew; and upon the trial of the cause in the superior court, the plaintiff, upon his cross-examination, made substantially the same admissions. These admissions, it is to be observed, were in both instances made in the progress of the trial, when the plaintiff was insisting upon the statute of limitations as a protection against the proposed set-off, and when, as the superior court expressly finds, the plaintiff did not intend, and was not understood to intend, to relinquish that protection.

Now it is true, that ordinarily an acknowledgment that the debt claimed was once justly due and that it has never been paid, fairly implies, and from it the triers will be authorized to find, a new promise made at the time of such acknowledgment, to

pay such debt.   But if, at the time of making such acknowledgment, the party insists upon the protection of the statute, and thus in effect declares that he will *not pay* the debt, notwithstanding its justice, no such implication arises, and no new promise can be found.   In such a case the issue to be decided is, whether the party promised to pay the debt or not. That he did may be inferred and found from his mere acknowledgment of the existence and justice of the debt, because of the presumption that every man is willing to pay his honest debts.   But no such inference or presumption can arise in the face of the debtor's declaration, accompanying his acknowledgment, that notwithstanding the justice of the debt he will not pay it.   In this case the fact found by the superior court that the plaintiff did not intend and was not understood to intend to relinquish the protection of the statute, conclusively repels the inference of a promise from the admissions proved.   We can not upon this motion reverse or revise that finding, and it completely justifies the decision that the defendant's account was not revived, and, being barred by the statute of limitations, could not be set-off against the plaintiff's demand.

The superior court decided right, also, upon the other point in the case.   Where there is an open account between two parties, all advancements made by one of them to the other, may, (in the absence of any express or implied agreement to the contrary,) be entered in such account, become constituent parts of the account, and be applied upon, or in payment of, the oldest item in the account on the other side ; so that in an action of book debt he only is entitled to recover in whose favor the final balance upon the whole account is found ; because, in the case supposed, the party making the advancement impliedly recognizes the existence of an unadjusted account, and assents to the application of his advancement thereon, as one of the elements from which the final balance is to be ascertained.   But in the case at bar the plaintiff's labor was not performed in payment of any debt, nor was it intended to go into any existing account, but by the express agreement of the parties it was to be paid for in money, and

no implication at variance with such express agreement will be made.

In a matter of account, every proper item of credit on one side is presumed to be intended, and will therefore operate, as a payment upon existing debits on the other. The account is an entirety. The items of debt and credit are the elements of which that entirety is composed. Credits on one side are applied to the extinguishment of debits on the other, as payments intentionally made thereon, and not as the set-off of one independent debt against another.

The respective claims of these parties were entirely independent of each other. The money due to the plaintiff by the contract was not a proper credit on the defendant's book, and could not be rightfully applied as a payment upon the defendant's debt, because it was otherwise expressly agreed between the parties before the plaintiff's demand accrued.

The defendant had no right, in the face of this agreement, to credit and thus apply the plaintiff's labor upon his own account, whether that account was then outlawed or not. And although it might have been inferred from the plaintiff's entry of his labor on his own book, that he intended it should go into and form part of a mutual account between him and the defendant, the finding of an express agreement to the contrary conclusively repelled such inference.

We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.