WAGGONER v. TURNER ET AL.

1. **Husband and Wife:** FAMILY EXPENSE: NOTE BY HUSBAND: WIFE'S LIABILITY: STATUTE OF LIMITATIONS. Where medical services were rendered to the family and charged to the husband, who afterwards gave his note for the same, *held* that the wife was still bound, and that the right of action against her was not barred by the statute so long as it subsisted against the husband; following *Lawrence v. Sinnamon,* 24 Iowa, 80, and *Davidson v. Biggs,* 61 Id., 309. And the rule is not changed by § 2562 of the Code, which provides that the wife may be sued without joining her husband. *Polly v. Walker,* 60 Iowa, 86, distinguished, and *Frost v. Parker,* 65 Id., 178, explained.

2. **Practice on Appeal:** EXCESSIVE JUDGMENT: REMITTITUR. The only error in the judgment appealed from being that it is evidently, by

mistake, for too great a sum, it is affirmed on condition that the appellee remit the excess in the court below within thirty days; otherwise it is reversed.

## Appeal from Sac District Court.

### TUESDAY, JUNE 15.

ACTION to recover of the defendants, who are husband and wife, for necessaries furnished the family. Mrs. Turner demurred to the petition, and the demurrer was overruled, and she appeals.

*W. A. Helsell*, for appellant.

*Pascal & Armentrout* and *S. M. Elwood*, for appellee.

SEEVERS, J.—It is, in substance, stated in the petition that the plaintiff from October, 1865, until May, 1877, furnished medicine and medical services for the family of the defendants, and that the same were a proper and necessary family expense; that the same, in accordance with the usual custom, was charged to the appellant's husband; that in 1878 the latter gave the plaintiff his note for the balance due, payable in one year. This action was commenced in 1884, and the only ground upon which it is insisted that the court erred in overruling the demurrer is that the action against the appellant is barred by the statute of limitations.

1. HUSBAND and wife: family expense: note by husband: wife's liability: statute of limitations.

The petition is substantially the same as the petition in *Lawrence v. Sinnamon*, 24 Iowa, 80, and, following that case, and the subsequent case of *Davidson v. Biggs*, 61 Iowa, 309, we must hold that the demurrer was correctly overruled. Counsel for appellant, as we understand, concedes that the cited cases are decisive of this, unless a different rule should obtain because the statute has been changed since *Lawrence v. Sinnamon* was decided. His contention is that under section 2507 of the Revision a wife could not

be sued separately, but could be sued jointly with her husband. Under section 2562 of the Code she may be sued without joining her husband in the action. It is therefore insisted, as the liability of the appellant is on the account, and not on the note, that a cause of action accrued against her at least as early as the last item charged in the account. If this position be correct, it will be conceded that the action is barred. But, conceding that the liability of the appellant is on the account, the conclusion reached does not necessarily follow. Under the Code a separate action may be brought against the wife, but the creditor is not compelled to do so. He may, if he sees proper, join her and her husband in the same action, and in such case, for the reasons stated in the cases above cited, the action against the wife is not barred as long as it subsists against the husband. This, it seems to us, must be so, for under the statute the joint action can be maintained against both in the same right, and necessarily the statute bars the action against both at the same time. The Code, in allowing a separate action to be brought against the wife, creates an additional remedy, which may or may not be adopted.

It is proper to remark that *Davidson v. Biggs* was decided under the Code, and, while the change in the statute is not in terms mentioned, it is difficult to see how the case could have been decided as it was without a consideration of such change. Counsel insist that there is a conflict between the case last cited and *Polly v. Walker*, 60 Iowa, 86; but we think they are readily distinguishable. In the last case the cause of action on the account was at no time suspended by the act of either husband or wife, and upon this ground the decision is placed. In the subsequent case of *Frost v. Parker*, 65 Iowa, 178, it must be assumed that, although a judgment on the note had been recovered against the husband, the cause of action against the wife on the account was not barred, because it was not barred on the note given by the husband.

It is conceded by the appellee that the judgment against appellant is for more than she was liable for. Whether appellee had knowledge of this fact before the appeal was taken is not certain. No motion was made in the district court to correct the obvious error, but appellee, upon being served with notice of appeal, caused a notice to be served on the clerk below to correct the error, and a similar notice was served on appellant. Whether the clerk in vacation could correct such judgment we need not determine. The appellee did all he could, and the appellant, as to the excessive part of the judgment, could have safely abandoned the appeal. If, therefore, the plaintiff remits the excessive portion of the judgment in the court below within thirty days after the filing of this opinion, the judgment in the court below will be affirmed with costs, but if no such remittitur is entered, then the judgment below must be

