## PHILLIPS v. KIRBY.

1. **Limitation of Actions:** ACCOUNT FOR FAMILY SUPPLIES: JUDGMENT ON HUSBAND'S NOTE: WIFE'S LIABILITY.   Where the husband gives his own individual note for goods purchased and used as family supplies, the cause of action against the wife, who is also liable for such supplies, is not barred until the cause of action upon the note is barred against the husband; ( *Waggoner v. Turner,* 69 Iowa, 127;) and this is so where the note has been put in judgment against the husband. ( *Frost v. Parker,* 65 Iowa, 178.)

*Appeal from Harrison Circuit Court.*

THURSDAY, OCTOBER 27.

THIS action was brought against the defendant, as the wife of G. C. Kirby, to recover for goods sold to the latter, but used in the family, and which were a part of the family expenses.   The goods were sold during the years 1872, 1873, 1874 and 1875.   This action was brought more than five years later.   G. C. Kirby, however, gave his promissory note for the goods in 1876, and this action was brought within ten years from that time.   It appears also that the note was not taken in payment of the account, nor with intent to release the defendant, but to change the form of the evidence of the indebtedness.   In 1877 the plaintiff obtained judgment upon the note against G. C. Kirby, but with no intent to release the defendant.   The defendant demurred to the petition, on the ground that it shows that the cause of action is barred by

the statute of limitations. The demurrer was sustained, and, the plaintiff electing to stand upon his petition, judgment was rendered against him for costs.

*S. I. King*, for appellant.

No appearance for appellee.

ADAMS, CH. J. — Where the husband gives his individual note for goods purchased and used as family expenses, the cause of action against the wife is not barred until the cause of action upon the note would be barred as against the husband, ( *Waggoner v. Turner*, 69 Iowa, 127,) and this is so where the note has been put in judgment against the husband. ( *Frost v. Parker*, 65 Iowa, 178.) Following those decisions, the judgment must be　　　　REVERSED.