FRANCIS J. McKEON vs. AARON H. BYINGTON.

| 70   429|
| 75   248|

Third Judicial District, New Haven, Jan. Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The Superior Court has jurisdiction to determine the correctness of the
rulings made by its committee, when such rulings are fully set
forth either in the report of the committee or in a remonstrance
against the acceptance of such report.

There is no occasion to recommit the report to the committee, if all
the questions an aggrieved party desires to raise are sufficiently
stated in his remonstrance.

Errors not specifically assigned in accordance with the rule, will not be
considered by this court upon appeal.

In his complaint the plaintiff sought to recover for clothes made and
furnished for the use of the defendant and his sons, "the same be-
ing for their support," under an agreement that the defendant
would pay the amount due on the account, on demand. *Held* that
an objection to the allowance of a charge of $31, on the ground that
it was for a suit of clothes ordered by the defendant for the use of
one O, was a mere technicality devoid of merit, and was properly
disregarded by the committee. *Held* also, that as all the clothes
were furnished on the order and credit of the defendant, the ques-
tion whether the clothes furnished to the sons were for their support,
was immaterial.

The plaintiff occupied a store of the defendant, and it was agreed
between the parties that the rent as it became due should be ap-
plied upon the plaintiff's account for clothes. The last rent became
due April 1st, 1882, when the defendant owed the plaintiff a large
amount. *Held* that the application of the rent to the plaintiff's
bill was a payment by the defendant on that date, which prevented
the statute of limitations from running against the plaintiff's claim
until that time. *Held* also, that inasmuch as the mutual accounts
ceased April 1st, 1882, the plaintiff was entitled to interest by way
of damages, upon the balance due him, from that date to the date
of judgment.

[Submitted on briefs Feb. 15th—decided March 24th, 1898.]

ACTION to recover the amount of a tailor's bill, brought
to the Superior Court in Fairfield County and tried to the
court, *George W. Wheeler, J.,* upon the defendant's remon-
strance to the report of a committee in favor of the plaintiff;
the court overruled the remonstrance and afterwards ren-

dered judgment (*Shumway, J.*) for the plaintiff, and both
parties appealed for alleged errors in the rulings of the
court.   *No error on defendant's appeal; error on plaintiff's
appeal.*

The complaint in this case was in the nature of an action
of assumpsit.   The plaintiff was a merchant tailor.   The
bill of particulars was for goods sold and for work and
labor, such as an artisan of that kind would ordinarily fur-
nish to his customers.   The answer was, first, a general
denial; second, that the cause of action did not arise within
six years next before the suit was brought.   The reply
denied the matters set up in the second defense, and also
alleged that within six years before the commencement of
this suit the defendant had undertaken and promised to pay
to the plaintiff the amount of his bill.   The rejoinder denied
this last matter.

There was also a counterclaim pleaded by the defendant,
the bill of particulars under which set out the use and occu-
pation of rooms at a certain rent; also work and labor in
advertising in a newspaper.   The plaintiff denied all the
matters alleged in the counterclaim.

The cause was referred to a committee, who reported as
follows: " (1) The plaintiff, from September 13th, 1867,
to April 1st, 1882, was a merchant tailor, doing business in
Norwalk, Conn., in a store which he rented from the defend-
ant.   (2) The rental price agreed upon was $200 per year,
payable quarterly.   The plaintiff paid his rent in cash to
April 1st, 1868.   After that time he paid nothing.   (3) On
October 17th, 1867, the defendant had four minor sons.
(4) Upon said last mentioned date he opened an account
with the plaintiff, directing him to make clothing as it should
be ordered for himself and his sons, and to charge the same
to him.   He never revoked this direction.   (5) The defend-
ant, in June, 1868, ordered the plaintiff to supply Edward
Owens with a suit of clothes and charge the same to the
defendant.   The plaintiff complied with said order.   The
clothing so furnished was of the price and value of $31, and
has never been paid for.   (6) Between October 17th, 1867,

and November 6th, 1878, the plaintiff made and delivered to the defendant and his sons, clothing of the price and value of $4,213.50. (7) An account for repairing in addition to the amount above allowed, was presented to me, but while I am satisfied that the repairing was done, no reliable evidence of the amount or value of the same was furnished, and I am unable to fix upon any amount due therefor. (8) The plaintiff also presented an account for the care of a lamp which was kept lighted in the hall of the building in which his store was located. I find that said lamp was placed there by the plaintiff himself, and that the defendant never agreed to pay anything for its care. (9) The defendant has paid in cash or its equivalent, $365 upon the plaintiff's account. No part of said amount was paid within six years prior to the bringing of this action. (10) At all times since April 1st, 1868, the account of the plaintiff for clothing has exceeded the account of rent due. (11) While the plaintiff was in occupancy of said store the parties agreed verbally, in the year 1874 or year 1875—not later than the year 1875 —that the rent should be applied as it should become due, as payment on the account. (12) The last rent became due on April 1st, 1882. (13) On April 1st, 1882, there was due to the plaintiff $1,079.50 (exclusive of interest and inclusive of the suit for Owens), after deducting said $365 and $2,800 for rent. (14) No part of said sum has ever been paid to the plaintiff. (15) The plaintiff did not present annual statements of his account to the defendant, but at various times he sent bills to him. Said bills were not correct in amount, and the parties never agreed as to the balance due. (16) On some day subsequent to April 1st, 1882, while the parties were attempting to arbitrate their differences, the defendant requested the plaintiff to give him his account; the plaintiff accordingly called at the defendant's house and presented to him his account (as he claimed it). The defendant denied that he owed the plaintiff anything, but he then stated to the plaintiff that if he owed him anything he would pay him every cent he owed. (17) I find that the defendant's claim for advertising, set forth in his counter-claim, is not proven."

When this report was filed in court the defendant remonstrated against its acceptance. The plaintiff denied all the allegations contained in the remonstrance. The court, after a full hearing, overruled the remonstrance, accepted the report, found the facts therein stated to be true, and rendered judgment for the plaintiff to recover of the defendant the said sum of $1,079.50 damages and his costs. From this judgment both parties have appealed.

*Edward M. Lockwood, J. Belden Hurlbutt* and *Henry W. Gregory*, for the appellant (defendant).

*Joseph A. Gray*, for the appellant (plaintiff).

ANDREWS, C. J.   Where a case is referred to a committee for a hearing and finding thereon, the committee may report in detail all the proceedings which occur at the hearing,— all the objections taken and all the interlocutory questions made, with the rulings thereon—as well as the findings upon the issues in the case. If this is done, a party who is aggrieved by any of these rulings has them spread on the record, so that when the report comes up for acceptance he can ask the court to pass upon them. But sometimes the committee reports only the ultimate facts found. If this is done, a party who has been aggrieved by any rulings at the hearing sets forth in a remonstrance all those rulings and questions of which he complains, and in that way spreads them upon the record, and thus enables the court to determine upon their correctness. In the present case the latter course was taken.

It is certainly within the jurisdiction of the Superior Court to decide upon a report which its own committee has made to it; so that there is nothing erroneous in the first reason of appeal. And as on his remonstrance the defendant had the benefit of all the questions he desired to raise, there was no need of sending the report back to the committee. There is, therefore, no error in the fifth and sixth reasons.

The rule in respect to the assignment of errors, requires

that the precise matter of error, or defect in the proceedings in the court below, relied on as ground of reversal, must be set forth. No others will be considered by this court. Rule XVI, 58 Conn. 584. Several of the reasons do not conform to this rule. They present no questions which this court can consider. Of this kind are the second, third, fourth, seventh, eighth, twentieth and twenty-fifth reasons.

The ninth, tenth and eleventh reasons have reference to a suit of clothes furnished by the plaintiff on the written order of the defendant and delivered to one Owens; the price of which was $31. The defendant now argues that this sum ought not to be charged against him in this suit, because the clothes were to be worn by one Owens, while the complaint asks to recover only for clothes furnished to the defendant and his sons. We think the committee properly disregarded a technicality so thin and so devoid of merit as that.

The twelfth, thirteenth and sixteenth reasons assign as error that it is not found that the clothing furnished to the sons of the defendant was for their support. It is stated in the report that the defendant had four minor sons for whom clothing was furnished. Ordinarily clothing furnished to a minor child on the order of the father would be assumed to be for its support. It does not appear that any of these sons became of full age while this account was being incurred; and as all the clothing was furnished on the order of the father, the question of support is not material. There is no error in these assignments.

It seems probable that the fourteenth reason does not clearly express the thought of counsel. Whether or not the plaintiff made and delivered clothing to the defendant's sons, was expressly in issue by the terms of the complaint and the bill of particulars. The same probability seems to attach to the fifteenth reason. It assumes that the defendant was not liable for the clothing furnished to his sons, a conclusion exactly contrary to the facts found. The same criticism also applies to the seventeenth reason because it assumes, contrary to the fact, that the verbal order given by the defendant to the plaintiff, in 1867, was an agreement to answer for

the debt of another.    There is no error in any of these assign-
ments.    Nor is there in the eighteenth.    The fact that two
of the defendant's sons went away from his home, did not
revoke his order to the plaintiff to furnish them with clothes.
Besides, there is no evidence that the plaintiff had any knowl-
edge that they were absent.    The nineteenth reason is evi-
dently an inadvertence.    The court ruled in accordance with
the defendant's claim.

The twenty-first, twenty-second, twenty-third and twenty-
fourth reasons, each refer to the new promise which the
plaintiff alleges the defendant had made.

The defendant set up in his second defense that the cause
of action stated by the plaintiff did not accrue within six
years next before the commencement of this action.    The
plaintiff denied this defense.    An examination of the record
shows that this defense was not sustained.    The committee's
report says, in paragraph eleven, that the parties agreed that
the rent of the store should be applied as it should become
due, as payment on the account.    It appears by the bill of
particulars that the rent had been in fact so applied, and in
paragraph twelve, that the last rent became due on the 1st
day of April, 1882.    By the agreement this was a payment
by the defendant of the amount of the yearly rent, and one
which should be credited on that date.    "In a matter of
account, every proper item of credit on one side is presumed
to be intended, and will therefore operate, as a payment
upon existing debits on the other.    The account is an en-
tirety.    The items of debt and credit are the elements of
which that entirety is composed.    Credits on one side are
applied to the extinguishment of debits on the other, as pay-
ments intentionally made thereon, and not as set-off of one
independent debt against another."    *Sanford* v. *Clark*, 29
Conn. 457, 462.    This was a payment which prevented the
the statute of limitations from running till that day.    The
action was brought on the 27th day of March, 1888, and
within six years after that payment.

It is very possible that the facts found were sufficient to
establish a new promise; but we have no occasion to pass

upon these, because the statute of limitations had not then run against the account. There is no error on the defendant's appeal.

There is, however, error on the plaintiff's appeal. The plaintiff is entitled to have interest on the sum of $1,079.50 from the first day of April, 1882. The mutual accounts ceased on that day, and he is entitled to have damages from that date to the date of judgment. The case must be remanded to have interest computed for that time; and then judgment should be rendered for the plaintiff to recover the amount.

Error on plaintiff's appeal, and case remanded.

In this opinion the other judges concurred, except HAMERSLEY, J., who dissented as to the allowance of interest.