FRED APUZZO *v.* LAURA F. HOER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued December 9, 1938—decided February 7, 1939.

198

*Alfonse C. Fasano*, with whom was *John A. Mele*, for the appellant (plaintiff).

*Joseph B. Morse*, with whom, on the brief, was *Nelson Harris*, for the appellee (defendant).

BROWN, J. The amended substituted complaint in this action for groceries sold and delivered to the defendant, which went to the support of her family and for the general benefit of herself and her husband, alleges a net balance due of $1093.48, after crediting total payments of $541.85 up to January 25, 1932. The account is comprised of $200 due prior to a negotiable promissory note therefor dated March 14, 1927, $1357.73 due on twenty-three stated monthly items from March, 1928, to February, 1930, and $77.60 due on items evidenced by eleven checks described by date and amount received from October 17, 1931, to December 5, 1931. It is further alleged that the defendant until 1934 promised to pay, but failed to do so. The defendant's answer is a denial, and a special defense that the action is barred "inasmuch as the right of action . . . did not accrue within six years from the date the same is alleged to have accrued." This special defense is denied by the plaintiff's reply. The action was brought June 8, 1937.

Error is assigned in the court's failure to charge that the Statute of Limitations is an affirmative defense, and that therefore the burden rested upon the defendant to prove it. The claims of proof of the parties are in agreement that early in 1930 the plaintiff "terminated further credit" on the account, and that thereafter all purchases were on a cash basis. While

it is alleged in the complaint as amended that $1015.88 is the balance due on the account for purchases prior to 1930, and $77.60 for those subsequently made on a cash basis, the finding discloses no claim by the plaintiff for the specific recovery of the latter items, but rather one for recovery of the whole amount of which they were but a part. These purchases subsequent to 1930 concededly were made, however, within six years before action brought. It sufficiently appears from the charge as given that the court's instructions concerning the defense of the Statute of Limitations were inapplicable to them, and related to those "of the old book balance" only. This balance was one on a running account, and the action to recover thereon is in the nature of one for book debt, so that the statute would run from the last payment made on account. *McKeon* v. *Byington,* 70 Conn. 429, 434, 39 Atl. 853; *Sanford* v. *Clark,* 29 Conn. 457, 462; *Robbins* v. *Harvey,* 5 Conn. 335, 342; *Ashley* v. *Hill,* 6 Conn. 246, 248. Since, as the court correctly stated to the jury, it was conceded that the right of action on this running account accrued more than six years prior to June 8, 1937, the court had no occasion to charge that the burden was on the defendant to prove that the statutory period of six years had elapsed between this accrual and the bringing of the suit.

The sole and vital disputed question of fact determinative of the question whether the statute constituted a defense, which the jury had to decide, was whether the small cash payments in January, 1932, were made by the defendant upon the old account under circumstances warranting an implication of a promise to pay the balance, or some new promise was made by her, thus tolling the statute, or whether these payments were merely given and received in liquidation of outstanding checks issued for the later purchases on a

cash basis, and no new promise was made, as claimed by the defendant. Payments of the latter kind would be ineffective to toll the statute. *Boughton* v. *Boughton,* 77 Conn. 7, 11, 58 Atl. 226; *Sanford* v. *Clark,* supra. The fact that the plaintiff applied them to the old account would not affect the situation because a part payment to have the effect of tolling the statute must be "made and accepted as payment of part of the indebtedness in suit and under such circumstances that it recognizes the whole of the debt as subsisting, so that the law can imply from it a promise to pay the balance." *Clark* v. *Diefendorf,* 109 Conn. 507, 515, 147 Atl. 33. This issue having arisen under the plaintiff's allegation, of a new promise made by the defendant within the six years' period, which the defendant denied, the court properly charged concerning it: "that is a question of fact for you, with the burden of proof upon the plaintiff to prove by a fair preponderance of the evidence the matters which he asserts in that regard." As the case was tried, the court did not err in failing to charge that the statute constituted an affirmative defense, or that the burden of proof thereunder was on the defendant.

Another error assigned is the court's charge that "a payment made by her [the plaintiff's] husband without her knowledge and consent would not affect her statutory liability—wouldn't start the statute running again so far as she was concerned." It was undisputed that all the groceries purchased from the plaintiff were for the defendant's household and for the defendant's family, and that some of the dated checks already referred to were given by the defendant and some by her husband. The plaintiff's case falls within the provision of § 5155 of the General Statutes that the husband and wife "both shall . . . be liable when any article purchased by either shall have in fact gone to

the support of the family, or for the joint benefit of both." The plaintiff's claim is that their obligation is joint, and that therefore a promise by the defendant's husband to pay it, even though made without her knowledge or consent was sufficient to take it out of the Statute of Limitations as to her, and he relies upon decisions of this court as authority. In *Clark* v. *Sigourney,* 17 Conn. 511, 516, it was held that a promise of one of two joint makers of a note was sufficient to toll the statute as against the other, and an acknowledgment of the indebtedness by payment or otherwise, by one of the joint obligors has been held to have the same effect. *Bissell* v. *Adams,* 35 Conn. 299, 302; *Beardsley* v. *Hall,* 36 Conn. 270, 275. And in one jurisdiction at least this principle has been held applicable where the joint obligation was one raised by a statute of the nature of the one above quoted. 13 R. C. L. 1195, § 225; *Lawrence* v. *Sinnamon,* 24 Iowa 80, 84; *Waggoner* v. *Turner,* 69 Iowa 127, 28 N. W. 568, 569; *Phillips* v. *Kirby,* 73 Iowa 278, 34 N. W. 855, 856; 15 L. R. A. 717, note, 718.

The three Connecticut cases last cited and others, which are authority for the rule that a part payment by one joint debtor will toll the running of the statute as regards the other, are discussed in this court's opinion in the later case of *Broadway Bank & Trust Co.* v. *Longley,* 116 Conn. 557, 560, 165 Atl. 800. As was there pointed out, while this rule was at one time the common law of England, it has been changed by statute there, does not represent the opinion prevailing today, and is opposed by the great weight of authority. 71 A. L. R. 375, note; 17 R. C. L. 936, 937, 938; 37 C. J. 1131, 1163. The decision of that case did not require us to consider whether this rule of our earlier cases should be followed. The assigned error in the charge which we are now considering does,

however, squarely present this question for determination. It is our conclusion that, for the reasons which we cannot better epitomize than by reiterating in the following paragraph what we said in the *Broadway Bank* case, the rule established by the earlier cases should no longer be the law of this jurisdiction:

"The principle upon which it [the rule] proceeds, that out of the community of interest represented by the joint obligation arises an agency on the part of each obligor to toll the statute as to the other by part payment or acknowledgment of the debt, clearly has little or no foundation in the actual intent of the parties or in the nature of their relationship. *Bell* v. *Morrison*, 26 U. S. (1 Pet.) 351, 367, 7 L. Ed. 174; *Kallenbach* v. *Dickinson*, 100 Ill. 427, 435; *Walters* v. *Kraft*, 23 S. C. 578, 582; *Mayberry* v. *Willoughby*, 5 Neb. 368, 374; *Exeter Bank* v. *Sullivan*, 6 N. H. 124. The rule is undoubtedly capable of working great hardship; one joint obligor, lulled into a sense of security by the running of the statute against the debt, may suddenly be confronted with an obligation which he had reason to believe had been barred many years before, but which he finds has been kept alive by an acknowledgment or part payment made by his co-debtor, perhaps even without his knowledge." These reasons for repudiating the rule apply with equal force, whether the full statutory period or but a part of it, as here, has elapsed prior to the promise made. *Kallenbach* v. *Dickinson,* supra. In so far as the earlier decisions of this court hold that without more a new promise, payment on account, or acknowledgment of the debt by a joint obligor, is sufficient to toll the running of the statute as against his joint obligor or obligors, they are overruled. The court did not err in charging that payment by her husband without the

defendant's knowledge or consent would be ineffective to toll the statute as against her.

The court's failure to charge that payment is an affirmative defense and that the burden of proving it rested upon the defendant, is also assigned as error. In response to the plaintiff's claim for the balance due under the complaint, a defendant's claim of proof relating to the items of the account evidenced by the checks which the plaintiff received, was that the "checks . . . were all paid and there is no outstanding balance on . . . these checks." Section 104 of the Practice Book provides that payment must be specially pleaded. In an ordinary suit to recover for services rendered, or goods sold and delivered, where the ground of action is the defendant's failure to make the payment he was bound to make at the time of the transaction alleged, it is not essential to set forth in the complaint that the debt due remained unpaid at the commencement of the action, although this allegation is usually made, as the forms in the Practice Book suggest to be proper though not required. *Morehouse* v. *Throckmorton*, 72 Conn. 449, 452, 44 Atl. 747; *Prince* v. *Takash*, 75 Conn. 616, 618, 54 Atl. 1003. Where, as in the *Morehouse* case and in *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 89 Atl. 909, nonpayment is not alleged, it is clear that payment must be specially pleaded and proved by the defendant. And even though nonpayment is alleged by the plaintiff, if the defendant by his answer pleads payment as a defense, the burden of proving it rests upon the defendant. *Archambeault* v. *Jamelle*, 100 Conn. 690, 698, 124 Atl. 820. While the question is not determined, the opinion in that case suggests that even though nonpayment is alleged by the plaintiff, in most cases it is necessary

for the defendant to plead payment to have the advantage of it.

Whether or not this is the rule ordinarily to be applied, it is not controlling upon the question presented by the present record, where the allegations of the complaint are such as really to put in issue on a general denial the fact of nonpayment as an element of the plaintiff's case. The plaintiff, by the itemized statement in his substituted complaint as amended, set up certain amounts due for goods sold and certain payments received, and alleged a "balance now due and owing." In such a situation, where it is inherent in the very claim of the plaintiff that the amount he seeks to recover is something which is presently owing him, no good reason appears for requiring the defendant to plead payment as a special defense. Be that as it may, however, when, as here, the plaintiff does make such an allegation which the defendant denies, and the issue so raised is tried, without any objection upon the part of the plaintiff so far as the record shows, he, having voluntarily assumed the affirmative upon the issue, cannot claim error because the court charged the jury accordingly. *Yanez* v. *DeRosa,* 118 Conn. 471, 472, 172 Atl. 926; *Hatch* v. *Merigold,* 119 Conn. 339, 340, 176 Atl. 266; *Ryan* v. *Scanlon,* 117 Conn. 428, 434, 168 Atl. 17. The court's charge to the effect that it was for the jury to determine whether the larger amount claimed by the plaintiff or the smaller amount as claimed by the defendant was owed, and that the burden rested on the plaintiff to prove his case by a fair preponderance of the evidence, showing what the amount of the balance due him was in order to recover, was adapted to the issue presented by the pleadings and adequate for the jury's guidance. The court did not err in charging as it did upon the defense of payment.

The only other assigned error requiring mention relates to the court's charge that "a promise to pay a debt will stop the running of the statute where it is a personal, actual debt. A promise of that kind by her [the defendant] to pay somebody else's debt wouldn't be binding." Since the plaintiff claimed that the defendant was liable either as the one who directly purchased the goods, or under the statute if they were in fact purchased by her husband, it is true, as suggested by the plaintiff's criticism, that this language as to the effect upon the tolling of the Statute of Limitations of a new promise by the defendant, is unfortunately worded, and taken by itself confusing rather than helpful. In the light of the court's categorical statement earlier in the charge, however, that even if the goods were bought by Mr. Hoer, since concededly they were delivered to their household and used there for the joint benefit of both, the defendant was liable therefor, and of its further specific reference to the existence of this liability four times more in the course of its brief instructions, the jury could not reasonably have interpreted the words quoted to mean that the defendant's liability under the statute was other than her "personal actual debt" or that it was "somebody else's debt." This instruction cannot be held, therefore, to have been so prejudicial as to constitute reversible error.

There is no error.

In this opinion the other judges concurred.