STATE OF CONNECTICUT *v.* WILLIAM WARREN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 14-37890

Argued July 11—decided August 26, 1966

*Louis F. Chrostowski,* of Hartford, for the appellant (defendant).

*Albert E. Nevins, Jr.,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The record in this case discloses a complete failure on the part of the defendant to file assignments of error as required by Practice Book §§ 986–990. Our rule (§ 990) requires that "[t]he assignment of errors shall be specific and shall directly assert that the trial court committed error in the respects specified in substantial compliance with Form 819, A and B." "The rule in respect to the assignment of errors, requires that the precise matter of error, or defect in the proceedings in the court below, relied on as ground of reversal, must be set forth." *McKeon* v. *Byington,* 70 Conn. 429, 432.

"It has been repeatedly held by the courts of this State that claims of law are limited to those made upon the trial of the case in the court below, and to those specifically made in the assignments of error." *Fidelity & Casualty Co.* v. *Palmer,* 91 Conn. 410, 418; *Draus* v. *International Silver Co.,* 105 Conn. 415, 418. "This rule is reasonable, easily complied with, and salutary in its operation. Its object is to apprise the opposite party and the court of the questions intended to be raised, and the . . . [defendant] ought not to be permitted to defeat that object, and abrogate the rule . . . . It is true that the court is at liberty to reverse, when the record discloses a fatal defect in the proceedings of the inferior court, although such defect has not been assigned for error as the rule requires, if in the opinion of the court the substantial justice of the case requires such reversal." *Ives* v. *Finch,* 28 Conn. 112, 114; cf. *Crandall* v. *State,* 10 Conn. 339, 371 (dissenting opinion of Daggett, C. J.).

"The court is not 'bound' to, and ordinarily will not, consider any claims of error unless they are assigned, specifically and distinctly." Maltbie, Conn. App. Proc. § 167; see *Mead* v. *Greenwich,* 131 Conn. 273, 276. It is not the duty of an appellate court to search the record for errors. See *State* v. *Burns,* 82 Conn. 213, 219. The violation of our rules in this case was no mere inadvertent failure strictly to conform to some technical rule; it was a complete failure to conform to the requirements of §§ 986 to 990 of the Practice Book. See *Maggi* v. *Mendillo,* 147 Conn. 663, 671.

"The prevailing American pattern—at least until quite recently . . . requires appellant to file a formal assignment or specification of errors." James, Civil Procedure § 11.3, p. 521. Since an assignment of errors is an indispensable requisite in our appel-

late procedure, there is not before us any basis of appeal permitting a consideration of the question raised in the defendant's brief. See *Lyon* v. *Wilcox,* 98 Conn. 393, 398; *State* v. *Fredericks,* 154 Conn. 68, 70, and cases cited.

We have no alternative on the basis of the record before us but to affirm the judgment. See 5 Am. Jur. 2d, Appeal and Error, § 649, n.8; Pound, Appellate Procedure in Civil Cases, p. 197 n.3.

There is no error.

KINMONTH, JACOBS and LEVINE, Js., participated in this decision.