[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ute Derdiarian, filed a one count complaint dated July 11, 1990, against the defendant, Clinton S. Leonard, sounding in negligence for injuries she allegedly sustained as a result of an automobile accident. In the complaint, the plaintiff alleges that on May 22, 1989, at approximately 1:50 p. m., she was driving in an easterly direction in the right-hand lane of the Merritt Parkway. The plaintiff contends that she was at a full and complete stop when her automobile was struck in the rear by the automobile driven by the defendant. As a result, the plaintiff alleges that she sustained injuries caused by the defendant's negligence in that he was following too closely in violation of Conn. Gen. Stat. 14-240, he was driving at an unreasonable rate of speed in violation of Conn. Gen. Stat.14-219, he failed to apply his brakes in time, and he failed to exercise reasonable care in operation of is vehicle.
The defendant filed an answer dated September 21, 1990, admitting that he collided with the rear of plaintiff's automobile, but denying the allegations of negligence. As a special defense, the defendant alleges that "[i]n connection with the. . .personal injury, certain amounts have been paid to this plaintiff from collateral sources as defined by Connecticut General Statutes 52-225b as amended. In the event the trier of fact awards damages. . .Defendants are entitled to a reduction. . .in accordance with [Conn. Gen. Stat. 52-225a]."
The plaintiff, pursuant to Conn. Practice Bk. 151 et seq., is moving to strike the defendant's special defense on the ground that a collateral source is not appropriately pled as a special defense, but rather the reduction of any judgment and/or award by collateral sources is a post-verdict deduction and therefore not a matter to be tried to the jury or to be raised at trial. The plaintiff has submitted a memorandum of law in support of the motion to strike. The defendant has filed an objection to plaintiff's motion to strike with an accompanying memorandum of law.
The motion to strike tests "the legal sufficiency of any answer to any complaint. . .or any part of that answer including any special defense." Conn. Practice Bk. 152(5) (rev'd to 1978, as updated to July, 1990). In determining whether a motion to strike should be granted, the issue is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. King v. Board of Education, 195 Conn. 90,93 (1985).
The plaintiff argues that a collateral source payment under the provisions of Conn. Gen. Stat. 52-225a is not appropriately pled as a special defense, but rather the defendant may participate in a post-verdict hearing and present evidence of any CT Page 1524 collateral sources which have been paid at that time. Moreover, pleading a collateral source as a special defense is inappropriate as it is not an issue to be presented to the trier of fact. The defendant contends that pursuant to Conn. Practice Bk. 168, a defendant is allowed to plead any set-off in his answer and a failure to do so may preclude the defendant from claiming it later on. Furthermore, the defendant contends that pleadings are no longer required to be presented to the jury and therefore there is no danger of prejudice to the plaintiff. Also, pleading of collateral source as a special defense apprises the plaintiff of the issue at a time when discovery may be done. Finally, the defendant contends that he has a right to plead his case in his own way.
Although there appears from the case law to be a split of authority among the Superior Court judges as to whether collateral source payments are properly pled as a special defense, the weight of authority leans towards not allowing this to be asserted as a special defense. Conn. Gen. Stat. 52-225a
provides:
 (a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death, arising out of the rendition of professional services by a health care provider, occurring on or after October 1, 1985, and prior to October 1, 1986 if the action was filed on or after October 1, 1987, and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.
 (b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the CT Page 1525 court enters judgment.
 (c) The court shall receive evidence from the claimant and any other appropriate person concerning any amount which has been paid, contributed, or forfeited, as of the date the court enters judgment, by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death.
In Jandzinska v. Fournier, 4 CSCR 819 (October 24, 1989, Schaller, J.), the court denied the plaintiff's motion to strike the defendant's special defense claiming collateral source payments as defined in Conn. Gen. Stat. 52-225b. The court analogized to Conn. Gen. Stat. 52-216a which does not preclude an allegation of payments from a joint tortfeasor as a special defense. Id. at 819. Just because the defendant asserts a special defense does not necessarily mean that it must be submitted to the jury. Id. Accord Krug v. Budney,1 Conn. L. Rptr. 207 (January 18, 1990, Allen, S.J.) (defendants may raise the collateral source rule as a special defense).
However, in Wiggins v. Johnson, 1 Conn. L. Rptr. 228
(January 25, 1990, Corrigan, J.), the court found that there is no purpose to pleading collateral source payments pursuant to Conn. Gen. Stat. 52-225a as a special defense and thus granted the plaintiff's motion to strike defendant's special defense. "A special defense is a pleading which avoids liability despite the truth of the allegations of the complaint." Id. at 228 citing Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7 (1973). "It need not be made as a denial of any of the allegations of the complaint." Id. citing Appuzzo v. Hoer, 125 Conn. 196, 204
(1939). Pleading of collateral sources does not narrow the issues between the parties, but solely addresses the judgment to be satisfied. Id. The court noted that the intent of the legislature with respect to Conn. Gen. Stat. 52-225a is similar to Conn. Gen. Stat. 52-216a which was to avoid the jury's knowledge of the existence of the amounts which might prove prejudicial to a party in the action. Id. Accord Vining v. Capone, 1 Conn. L. Rptr. 498, 499 (April 12, 1990, Meadow, J.). In Zagaja v. Guerrera, 5 CSCR 232 (March 23, 1990, Maloney, J.), the court stated that pleading collateral source payments as a special defense is not only conceptually inappropriate, but also undesirable as a practical matter because of the increase of paper flow and resulting clogging of the system. Id. at 233. Because Conn. Gen. Stat. 52-225a imposes on the court the affirmative responsibility of taking evidence and making the required reduction in damages after the verdict, a simple request to the court by the defendant at that time will suffice to CT Page 1526 trigger the procedure, if it is necessary. Id.
With regard to the defendant's assertion that a collateral source payment is a setoff which must be pled pursuant to Conn. Practice Bk. 168, in Sabol v. Mancini, 2 CTLR 23, 24 (July 3, 1990, Kulawiz, J.) and Roseiello v. Ladden, 2 CTLR 179, 183 (September 3, 1990, Santos, J.), the courts found that a collateral source payment is not a setoff. A setoff is a claim by the defendant against a plaintiff on a debt independent of the action sued upon. Roseiello, 2 CTLR at 183 citing Savings Bank of New London v. Santaniello, 130 Conn. 206, 211 (1943). A collateral source payment is a not a claim on a debt independent of the cause of action, but rather is a payment made to the plaintiff pursuant to any health, sickness or automobile insurance policy provision, health benefits or payments made pursuant to any contract to provide, pay for or reimburse costs of health care services. Id. citing Conn. Gen. Stat. 52-225b
(defining "collateral sources").
Other cases which have found that the defendant may not assert collateral source payments as a special defense include: Zujewski v. Allen, 2 CTLR 46 (August 6, 1990, Fuller, J.); Finnegan v. Fazo, 2 CTLR 604 (December 10, 1990, Allen, S.J.); and Schon v. Schweitzer, 3 Conn. L. Rptr. No. 1, 12 (December 31, 1990, Corrigan, J.).
The plaintiff's motion to strike the defendant's special defense is granted.
RYAN, J.