[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE AND OBJECTION THERETO
This action was brought to recover damages which were alleged to have been sustained in a motor vehicle accident. The defendant, Thrifty Rent-A-Car, has filed a special defense for a reduction in the amount of any jury award by any and all collateral source payments as defined in G.S. 52-225b pursuant to G.S. 52-225a. The plaintiff has moved to strike the special defense in that the court rather than the fact finder determines the amount received from collateral sources to be applied in reduction of the judgment. There has been filed an abjection to the Motion to Strike.
A special defense is a pleading which avoids liability despite the truth of the allegations of the complaint. Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7. It need not be made as a denial of any of the allegations of the complaint. Apuzzo v. Hoer, 125 Conn. 196, 204. Here the pleading does not narrow the issues between the parties but solely addresses the judgment to be satisfied. Prior to this statute, the majority of jurisdictions held that it was more just such funds should benefit the injured party rather than relieve the wrongdoer of his full responsibility. Gorham v. Farmington motor Inn, Inc.,159 Conn. 576, 580. This statute like G.S. 52-216a provide for the judge after a verdict to apply certain funds in reduction of such verdict. Under G.S. 52-216a, an agreement with a tortfeasor not to bring an action or a release of a tortfeasor shall not be read to a jury or introduced in evidence. Although G.S. 52-225a does not proscribe such collateral source amounts being made known to the jury as in F.S. 52-216a, the intent of the legislature appears to be similar to make such evidence admissible only to the court after the verdict. The obvious intent was to avoid the jury's knowledge of the existence of the amounts which might prove prejudicial to a part in the action. Peck v. Jacquemin, 196 Conn. 53, 68. There is no purpose to the pleading of a special defense when a notice to the court that the defendants are requesting a reduction in the amount of any verdict by any collateral source payments pursuant to G.S.52-225a would be sufficient.
For the above reasons the motion to strike the Special Defense is granted and the objection thereto overruled.
CORRIGAN, J. CT Page 10211