[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved to strike the defendant's first and second special defenses alleging that both defenses are legally insufficient as a matter of law.
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "In deciding on a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the (pleading), and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 143 (1990). The court must construe the facts in the (pleading) in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988).
A special defense is a pleading which avoids liability despite the truth of the allegations of the complaint. Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 7,327 A.2d 583 (1973). It need not be made as a denial of any of the allegations of the complaint. Apuzzo v. Hoer, 125 Conn. 196,204, 4 A.2d 424 (1939).
The plaintiff has brought this action in two counts. He alleges negligence on the part of the defendant in the operation of his motor vehicle and that, as a result of such negligence, he sustained injuries and losses.
Defendant's first special defense alleges that plaintiff's failure to wear a seatbelt resulted in greater damages than would have been incurred if, in fact, a seatbelt had been worn. Further, there is a common law duty to wear a seatbelt.
This issue can be summarily disposed of by reference CT Page 596 to Connecticut General Statutes Section 14-100a(c)(4). The argument which defendant uses that the defense is based on common law rather than the statute is unpersuasive. Legislation governs because it is the latest expression of the law. See Bennett v. Meader, 208 Conn. 352, 358 (1988).
Motion is granted as to the first special defense.
Defendant's second special defense is that plaintiff's recovery in the present matter should be reduced by compensation already received for damages claimed in this action.
General Statutes Section 52-225a subsection (a) provides in pertinent part that "wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages. . . ."
Subsection (b) provides:
 Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
This issue has been addressed in a number of Superior Court decisions and there is no clear cut consensus as to whether Section 52-225a allows a party to use collateral source payments as a special defense prior to judgment.
It is axiomatic that, where the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary. That axion, however, applies in full force where the language of the statute is absolutely clear on its face and where no ambiguity is raised in applying the statute in a particular case.
Our court in University of Connecticut v. Freedom of Information Commission, 217 Conn. 322, 328 (1991), stated that when application of a statute reveals an ambiguity we should turn to the legislative history for guidance.
When discussing the nature of Connecticut Public CT Page 597 Acts No. 85-574, now General Statutes Section 52-225a, Senator Avallone stated (t)his bill and this amendment, deal with the admissibility of certain evidence after a verdict has been reached in a malpractice action." 28 S. Proc., pt. 16, 1985 Sess., p. 5436. Further, in an attempt to clarify the court's position with respect to the then pending house bill,
Representative Nania stated:
 The following point should be made crystal clear to everyone. That in the trial of the case, regarding liability, the fact that there is or is not an insurance policy is never admitted in evidence. It does not come into question. The only time at which the fact that there is or is not insurance comes before the court is once the jury or the court if there's a trial to the court, has already made a decision as to the amount of damages.
28 H.R. Proc., pt. 27, 1985 Sess., p. 9860.
Since the legislative intent as evidenced in the legislative history strongly suggests that evidence of collateral source payments should not be introduced until a decision on the amount of damages has been made, this Court must grant the motion to strike the second special defense.
MIHALAKOS, JUDGE