[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
The plaintiff, Hancock Eastabrook, brought suit against CT Page 440-G the defendant, David M. Brown, doing business as Connecticut Public Fax, to enforce a judgment entered against the defendant in New York. Although the question of liability was resolved, the parties debated the amount of the debt.
The Supreme Court of New York for the County of Onondaga, entered a judgment against the defendant for $6,746.92 plus interest. This judgment followed the defendant's default.
On August 6, 1993, the plaintiff commenced this action to collect the debt.[1] The plaintiff submitted a certified copy of the New York judgment with its complaint and alleged that the defendant had failed to pay the judgment.
On December 17, 1993, the defendant filed an answer and two special defenses. The answer denied that the defendant failed to pay the New York judgment. The first special defense alleged that the New York judgment was not entitled to full faith and credit because the New York court did not have jurisdiction over the defendant. The second special defense alleged that the plaintiff could not recover from the defendant because there was CT Page 440-H no contract between the plaintiff and defendant.
On May 10, 1994, the court (Rodriguez, J.) granted the plaintiff's motion for summary judgment only on the issue of liability. In that decision, the court held that the New York court had jurisdiction over the defendant and therefore, the judgment was entitled to full faith and credit. The court did not discuss the defendant's second special defense because that defense presented arguments that are not permissible attacks on a foreign judgment.
Thereafter, the court (Levin, J.) held a hearing to determine the amount of damages. The defendant presented evidence, which the plaintiff does not dispute, that before the entry of the New York judgment, the defendant paid $5,500.00 to the plaintiff. The defendant claimed this amount should reduce the sum owing on the judgment. The plaintiff claimed that the New York court already considered this payment. There was no evidence before the court to determine how the New York court determined the damages. On October 7, 1994, the court entered judgment in favor of the plaintiff for $6,746.92 plus interest. CT Page 440-I
On November 3, 1994, the defendant filed a motion to open, reargue and clarify. On November 15, 1994, the court (Levin,J.) decided that procedurally it would grant the defendant's motion to reargue pursuant to Practice Book § 204A.[2] The parties again debate whether the $5,500.00, which was paid before the New York judgment was entered, should affect Connecticut's enforcement of that judgment.
In its memorandum of law that accompanied its motion to reargue, the defendant argues that the plaintiff has the burden of proving the amount that is owed to it. The defendant citesApuzzo v. Hoer, 125 Conn. 196, 4 A.2d 424 (1939) for this proposition. Citing Aiutana Bankgenossenschaft v. Perren,21 Conn. App. 5, 141 A.2d 255 (1957), the defendant argues that the plaintiff must prove that pre-judgment payments did not reduce the foreign judgment. The defendant also distinguishes two cases on which the court relied in its original memorandum of decision, Haddad v. Francis, 40 Conn. Sup. 567, 576,537 A.2d 174 (1986, Barnett, J.), aff'd, 13 Conn. App. 324, 536 A.2d 597
(1988) and Sampson v. Conlon, 100 N.H. 358, 126 A.2d 250 (1956). CT Page 440-J
In response, the plaintiff argues that its presentation of the New York judgment establishes the amount that is owed to it.[3] Citing Seaboard Surety Co. v. Waterbury, supra, 38 Conn. Sup. 472, the plaintiff contends that the defendant cannot collaterally attack the New York judgment.
"As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it." Packer Plastics, Inc.v. Laundon, 214 Conn. 52, 56, 570 A.2d 687 (1990). The New York court entered judgment for $6,746.92. Because the New York court would enforce the judgment for that amount, Connecticut also will.
The result in this case accords with that in Kernan v.Kernan, 78 Nev. 93, 369 P.2d 451 (1962). In Kernan, a divorced wife sued her former husband in New York for amounts due because of a separation agreement. The New York court entered a default and judgment against him. The former wife then sued in Nevada CT Page 440-K to enforce that judgment. In the Nevada trial, the former husband presented evidence of having made payments. The Nevada Supreme Court reversed because "[t]o permit [these payments] to be considered in the present actions as matters in setoff against the defaulted payments that were involved in that action under the guise of setoff against the judgment itself is simply to permit the former judgment to be tried over again. In other words, it violates the requirement that the judgment in the New York action be accredited full faith and credit." Id., 453-54;Picking v. Local Loan Co., 185 Md. 253, 44 A.2d 462 (1945);Hazel v. Jacobs, 78 N.J.L. 459, 75 A. 903 (1910).
Apuzzo v. Hoer, supra, 125 Conn. 196, on which the defendant relies, involved a different set of facts. In Apuzzo,
the plaintiff sued to collect the amount owed to him on an account. The supreme court ruled that the plaintiff had the burden of proving the defendant did not pay the debt. Id., 204.Apuzzo differs from the present case because in Apuzzo the amount was contested at trial. In the present case, the defendant did not contest the amount in the New York proceeding. The defendant could have set forth a defense of payment and put CT Page 440-L the plaintiff to its proof in the New York proceeding. Because the defendant waived his right by defaulting, the defendant cannot collaterally attack the New York judgment.
Aiutana Bankgenossenschaft v. Perren, supra, 21 Conn. Sup. 5, is also distinguishable. In Bankgenossenschaft, the plaintiff sued to enforce a Swiss judgment entered against the defendant. The court ruled, based on Apuzzo, that when the defendant denies the complaint's allegation that the debt was unpaid, the plaintiff has the burden of proving that issue. Id., 7-8. Bankgenossenschaft differs from this case because inBankgenossenschaft the defendant challenged whether he paid the debt to satisfy the Swiss judgment. In the present case, the defendant is attacking the amount of the underlying judgment. For the reasons stated above, the defendant cannot collaterally attack the New York judgment.
The defendant's motion to reargue having been procedurally granted, the substantive relief it seeks is denied.
BY THE COURT
CT Page 440-M
Levin, J.