JAMES H. DWYER *v.* JOHN HARRIS

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued October 14—decided December 5, 1941.

*Frederick H. Waterhouse,* with whom was *Frank R. Odlum,* for the appellant (defendant).

*Louis Katz,* with whom, on the brief, was *Lazarus S. Heyman,* for the appellee (plaintiff).

ELLS, J. This is an action brought in 1939 on a note made in 1932 by the Danbury Hotel Company to the plaintiff, payable three months after date, and indorsed by the defendant. A special defense pleaded the bar of the Statute of Limitations. The plaintiff replied that the cause of action was renewed by the acknowledgment and new promises of the defendant; and that was the sole issue upon the trial to a jury. This appeal concerns only the legal adequacy of the trial judge's instructions upon that point.

The finding, which is not attacked, shows that the plaintiff offered proof of the execution, indorsement and delivery of the note, presentment, and nonpayment; that the defendant, to secure the note, delivered to the plaintiff five bonds of the Harris-Hayward Corporation of the face value of $1000 each, and that the plaintiff deposited the note and the security at the Danbury National Bank. Subsequently the plaintiff got the note back from the bank, together with five worthless bonds of the Harris-Hayward Corporation, but does not know whether they are the same bonds he had deposited. On several occasions, and as late as 1938, the defendant acknowledged his indebtedness to the plaintiff and promised to pay it.

The defendant offered evidence that his indorsement of the note was made to enable the plaintiff to buy the bonds, that the bank where the note and bonds were deposited held similar bonds for other persons and purposes and that the plaintiff's bonds were subsequently paid by the Harris-Hayward Corporation and the money should have been applied to the payment of the note in question, but instead other bonds were substituted by someone other than the

defendant, which bonds remain unpaid. Subsequently, the defendant met the plaintiff on several occasions and agreed to assist the plaintiff in collecting the money paid to redeem the bonds, but the defendant never agreed to pay the note.

The evidence concerning the bonds, and its application to the issues of the case, introduced a complication which might well be confusing to the jury, and the record indicates that it was. The trial judge charged repeatedly and clearly that the only question for the jury to decide was whether the defendant acknowledged the debt and expressly or impliedly agreed to pay it. He purposely did not mention the bonds. At the conclusion of the charge a juror asked a question concerning them. The judge reiterated his statement of the single issue to be decided, and in effect told the jury only that the purpose of the defendant's testimony concerning the bonds was to assist in establishing the claim that he made no promise to pay the plaintiff. This testimony was not offered to prove and did not tend to prove that the defendant was not originally liable on the note, but to lend reasonableness to the claim that the defendant did not agree to pay the debt but agreed merely to assist the plaintiff in collecting from those the defendant claimed were liable because they did not discharge the note with the alleged proceeds of the bonds. This having been the defendant's principal claim, it was the duty of the trial judge not only to tell the jury why the bonds were in the case but to instruct them as to the legal effect of this claim of the defendant, if they found it had been established by the evidence. This he wholly failed to do.

Considering the defendant's claim in its aspect most favorable to the plaintiff, the jury might have found that there was an acknowledgement that the indebted-

ness had originally existed, coupled with a promise, not that the defendant would pay it, but that he would assist the plaintiff in collecting from others he considered to be liable. Had it been an acknowledgment and nothing more, the jury could reasonably have inferred a promise to pay it. *Sanford* v. *Clark*, 29 Conn. 457, 460. A general acknowledgment of an indebtedness may be sufficient to remove the bar of the statute. The governing principle is this: "The determination of whether a sufficient acknowledgment has been made depends upon proof that the defendant has by an express or implied recognition of the debt voluntarily renounced the protection of the statute." *Potter* v. *Prudential Ins. Co.*, 108 Conn. 271, 280, 142 Atl. 891. It is a generally accepted rule of law that in order for an acknowledgment or new promise to suspend or remove the operation of the Statute of Limitations, there must be an express or implied promise to pay the obligation. 34 Am. Jur. 242. But an implication of a promise to pay cannot arise if it appears that although the debt was directly acknowledged, this acknowledgment was accompanied by expressions which showed that the defendant did not intend to pay it, and did not intend to deprive himself of the right to rely on the Statute of Limitations. 34 Am. Jur. 243. See *Foster* v. *Smith*, 52 Conn. 449, 451. This is but an amplified statement of the rule in *Potter* v. *Prudential Ins. Co.*, supra, 280.

The trial court should have told the jury that if they found the evidence established the defendant's claim that his promise was not to pay the debt created by the note but to assist in collecting from others the money paid for redeeming the bonds, such promise did not remove the bar of the Statute of Limitations. The inadequacy of the charge is made even more apparent by the fact that the jury returned and requested fur-

ther instructions, and in an ensuing colloquy, the extemporaneous remarks of the trial judge must have created in the minds of the jury the impression that if the defendant said, "I will help you to get the money," that was the same as though he had said, "I will pay it to you."

The remaining assignments of error as to the charge do not raise questions likely to occur in another trial, and need not be considered.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.