[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#103)
The defendant has moved for summary judgment claiming this action is time-barred and is not saved by the provisions of General Statutes §52-292 (a).[1] The facts are not in dispute: By way of writ, summons and complaint dated August 1, 1994, the plaintiff Melanie S. Talarczyk commenced a civil action, Docket No. CV-94-03656755, against the defendant Mary Ward in this judicial district for injuries alleged to have arisen from a motor vehicle accident occurring on August 3, 1992. On February 10, 1995, a judgment of non-suit was entered in that action. On February 7, 1996, plaintiff recommenced the same action, Docket No. CV-96-0385181S. The second action was dismissed pursuant to the provisions of then Practice Book § 251, now § 14-3, on June 20, 1997. A third action was then brought alleging the same facts on June 17, 1998, Docket No. CV-98-0415840S. The third action was also dismissed pursuant to the provisions of then Practice Book § 251 on June 18, 1999. Thereafter, the present action was commenced by way of writ, summons and complaint dated May 31, 2000 and returnable to court on July 18, 2000. CT Page 5601
The plaintiff has made no factual showing that the prior dismissals were a matter of form occurring due to mistake, inadvertence or excusable neglect. See Ruddock v. Burrowes, 243 Conn. 569, 576-77 (1998); Skibeckv. Avon, 24 Conn. App. 239-40 (1991). Furthermore, this action was not brought either within the two year statute of limitations period nor within one year of the dismissal of the original action, that is, the first action filed in 1994 within the time allowed by the applicable statute of limitations, General Statutes § 52-584. Accordingly, under the holding of Pintavalle v. Valkanos, 216 Conn. 412, 419 (1990), recently reaffirmed in Peabody N.E., Inc. v. Dept. of Transportation,250 Conn. 105, 123 (1999), the present action cannot be saved by the provisions of § 52-292 (a).
For the foregoing reasons, the defendant's motion for summary judgment is granted and judgment should enter in favor of the defendant on the complaint.
Linda K. Lager, Judge