[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #101
The plaintiff brings this action against the defendants based upon a consulting agreement entered into on June 28th, 1993. Suit was instituted by virtue of service upon the defendants in November of 2000. The complaint contains four counts. Counts one and two allege a breach of contract regarding the consulting agreement, and counts three and four seek to take advantage of the accidental failure of suit statute, Conn. Gen. Stat. § 52-592.
The defendants have moved for summary judgment on all four counts. As to counts one and two, the defendant claims the benefit of the six year statute of limitation set forth in Conn. Gen. Stat. § 52-576. As to counts three and four, the defendants argue that the plaintiff, under CT Page 6146 existing case law, is not entitled to avail himself of § 52-592.
With respect to the first two counts of the complaint, it appears from the documents submitted in support of the motion for summary judgment, that this action was not instituted within six years of its accrual. According to the consulting agreement, payment to the plaintiff was to commence 45 days after the closing on the subject property which was September 30, 1993. Since payment was not made, the cause of action would have accrued on that date. Indeed the plaintiff does not argue to the contrary.
What the plaintiff claims, however, is that there was a reaffirmation of the debt at a pre-judgment remedy hearing on October 15, 1996 requiring a re-calculation of the statute of limitations. A review of the transcript of that hearing however, reveals that the defendant Jerold Serman stated that the terms of the agreement were that he was to pay to the plaintiff $47,500, but he further testified that the money was paid to another party pursuant to an order of garnishment. Thus the defendant, Serman, did not acknowledge the existence of the debt at that time thereby triggering a new statute of limitations. See Dwyer v.Harris, 128 Conn. 397 (1941). Therefore, count one and two of the complaint are barred by Conn. Gen. Stat. § 52-576.
In order to determine whether the plaintiff is entitled to rely upon § 52-592, the chronology of events regarding the litigation between the parties is important. A number of recent cases have addressed the issue of when a plaintiff is entitled to take advantage of § 52-592
after a disciplinary dismissal, the most recent of which is Gillum v.Yale University, 62 Conn. App. 775 (2001). In Ruddock v. Burrowes,243 Conn. 569 (1998), the Supreme Court concluded that whether the dismissal of a prior proceeding permitted a plaintiff recourse to the statute "depends upon the nature and extent of the conduct that led to the disciplinary dismissal." Id., 570.
In order for a plaintiff to avail himself of the accidental failure of suit statute, he must make a factual showing that the prior dismissal was a matter of form in the sense that non-compliance with a court order "occurred in circumstances such as mistake, inadvertence or excusable neglect." Id., 576-77.
The first case between these parties (Pepitone I) was commenced with the filing of an application for a pre-judgment remedy in July of 1996. The defendants filed an answer, special defense and counterclaim on October 15, 1996. On October 15, 1996, a hearing regarding the PJR application took place before Arena, J. in the Superior Court at Middletown. At that hearing, the court learned that the plaintiff had a CT Page 6147 pending bankruptcy action. Judge Arena denied the PJR application without prejudice for the reason that he felt the plaintiff had to determine whether this claim was or was not an asset of the bankruptcy estate before he could proceed with its prosecution.
According to the defendants, this issue could have been resolved within one or two months by filing a motion in the bankruptcy court. The plaintiff through counsel did communicate with the bankruptcy trustee by letter of November 27, 1996 and learned that the bankruptcy trustee could not estimate when he would be filing his final report. The plaintiff has submitted nothing to establish what steps, if any, were taken to determine if this claim was an asset of the bankruptcy estate.
A dormancy notice was issued by the court in December of 1996 and the case dismissed for dormancy on February 14, 1997. The dismissal was reopened on February 24, 1997 without objection.
There was no activity with respect to this case from February of 1997 until October of 1998 when the plaintiff filed a motion to restore to the docket which was granted on January 13, 1999. Meanwhile, the final report of the bankruptcy trustee was filed in March of 1998. The plaintiff complied with a court order re: bankruptcy status on June 8, 1999.
On August 10, 1999, the court issued a notice that the pleadings must be closed by October 31, 1999 or a dismissal may enter. The notice stated further that the plaintiff owes a reply to the special defense and answer to the counterclaim. As nothing further is done, the case was dismissed on November 19, 1999.
The plaintiff did not file a motion to reopen that dismissal and commenced this action within days of the expiration of the one year limitation period set for in § 52-592.
In view of the above history of Pepitone I, this court is constrained to conclude that the dismissal was not a matter of form in the sense that it resulted from mistake, inadvertence or excusable neglect. The plaintiff could have closed the pleadings at any time between October of 1996 and the dismissal of this case in November of 1999. Indeed during that time the case was dismissed once for dormancy and reopened and on a second occasion in August of 1999, the plaintiff was notified by the court of the need to close the pleadings by October of 1999 or face dismissal.
The court is not unmindful of the plight of a sole practitioner nor of the difficulty of balancing one's professional and personal responsibilities. Those factors do not however, change the rule of law, CT Page 6148 nor can the court disregard the interest of the defendants that have been embroiled in this litigation since July of 1996 and who are themselves entitled to look for the finality which is the purpose of the statute of limitations.
For the above reasons, the defendants' motion for summary judgment is granted.
 ________________________ Bruce W. Thompson, Judge