[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved for summary judgment in this automobile negligence case on the ground that the accidental failure of suit statute, § 52-592 of the General Statutes, does not save this action on the underlying facts. The relevant chronology is as follows.
The original action arises out of an automobile accident which allegedly occurred on September 7, 1995, and was brought in February, 1996. In March, 1997, the defendant filed a motion for nonsuit for failure to respond to a discovery request. Judge Spada granted the motion nisi: the motion was granted unless the plaintiff complied by July 7, 1997. The plaintiff complied on July 8, 1997, and the case proceeded on without apparent disruption.
On July 14, 1999, the defendant again filed a motion for nonsuit on the ground that the discovery request had not been fully and fairly CT Page 15008 answered. Again a judge, this time myself, granted the motion nisi: on September 20, 1999, notice was sent to the effect that the motion was granted unless there was compliance by September 27, 1999. There apparently was no response to this ruling, and on December 6, 1999, the court sent notice of Judge Stengel's order granting the defendant's motion for nonsuit, presumably based on the plaintiffs failure to respond to the September 20 ruling. No motion to open was filed at this point, and the parties appeared at a trial management conference on February 1, 2000, at which time the court indicated that because the case had been nonsuited there was no reason for the trial management conference to proceed.
This second action was instituted by service on October 5, 2000; the deputy sheriff who served the writ, summons and complaint stated in an affidavit that he received the papers for service on September 20, 2000. The defendant has pleaded a special defense to the effect that the action is barred by § 52-584, the applicable statute of limitations, and filed the instant motion for summary judgment.
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result. Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984).
There is no material dispute as to the factual framework stated above. There is, however, significant dispute as to the implications of the facts. The defendant argues that his motion for summary judgment should be granted for two reasons: that the instant action was filed more than one year after the prior judgment, and that the prior dismissal was for egregious behavior and thus the action is not eligible to be saved. The plaintiff disagrees with both assertions.
First, there is no doubt that unless the savings statute applies, the action is barred by § 52-584 of the General Statutes. The accident occurred in 1995, and the instant action was instituted in 2000. CT Page 15009
Section 52-592 (a) provides as follows:
 Accidental failure of suit; allowance of new action. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
The first issue is whether the instant action was commenced within one year after the determination of the original action. The trial courts have struggled to find a consistent and fair means of resolving disputes as to the timeliness of motions to open and new actions in the context of the accidental failure of suit statute. See, e.g., Boteler v. Toro,2000 WL 327249 (Silbert, J.) (2000); Morales v. Medina, 1999 Ct. Sup. 14456
(Beach, J.) (1999). A recurring theme, as illustrated by Boteler andMorales, is the question of when the prior case terminated, when the context is an order granting a nonsuit unless compliance is made by a date in the future. When the date for compliance arrives, and there is no sign in the court file of compliance, is there a judgment or not? Both of the cases decided that the only workable solution is to fix the operative date as the date of the sending of notice that the nonsuit (or judgment following default) has actually entered. See Boteler, supra, andMorales, supra; see also Federal Ins. Co. v. Gabriele, 54 Conn. App. 459,462 (1999) and Russell v. Thomas O'Connor Co., 42 Conn. App. 345,347-48 (1996). This solution may require the moving party to file another motion for a nonsuit, citing the failure of the dilatory party to comply with the prior order, or a court may be able to design a notification system so that a second notice of judgment is sent without a reminding motion. Either way, notions of fairness require the sending of a noncontingent notice stating that the nonsuit has entered, and the time allowed for pursuing the next step runs from the sending of that notice. CT Page 15010
Applying these principles to the facts of this case results in the conclusion that the first notice of an actual, effected nonsuit is Judge Stengel's order, which was sent on December 15, 1999. The second action was commenced within a year of that notice. The motion for summary judgment cannot be granted on the timeliness issue.
The second issue is whether the behavior-in the first action was such that § 52-592 ought not save the cause of action. In Ruddock v.Burrowes, 243 Conn. 569 (1998), our Supreme Court addressed the problem of whether disciplinary dismissals were necessarily not "matters of form" such that a subsequent action could not be filed pursuant to the savings statute. After recognizing the competing values of the remedial nature of § 52-592 and the conflicting value of effective caseload management, the court determined that "[d]isciplinary dismissals do not, in all cases, demonstrate the occurrence of misconduct so egregious as to bar recourse to § 52-592." Id., at 243 Conn. 576. The court decided that a factual determination was necessary to determine whether the plaintiffs "noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Id., at 243 Conn. 577.
I have reviewed various decisions applying § 52-592, and, though the results are peculiarly fact-driven, it seems fair to generalize by stating that those cases which are not allowed to proceed the second time are those in which the conduct in the first case was marked by repeated defalcations or behavior showing lack of respect for the process, while those allowing the second action are those in which the conduct in the first case was, if not laudable, at least inadvertent in nature. Compare, e.g., Freeman v. McCarthy, 2001 Ct. Sup. 1144 (Martin, J.) (2001), Talarczyk v. Ward, 2001 Ct. Sup. 5600 (Lager, J.) (2001), andPepitone v. Serman, 2001 Ct. Sup. 6145 (Thompson, J.) (2001) with Schonv. Berg, 2001 Ct. Sup. 7136 (Wagner, J.) (2001) and Fappiano v. Criscio,2001 Ct. Sup. 0446133 (Jones, J.) (2001). In the prior action in this case, the plaintiff missed the first compliance date by one day, and the parties continued to litigate the case, apparently in the ordinary course. The second missed deadline is somewhat more puzzling, but the plaintiff apparently claims that he did not have to more fully comply with discovery requests because his first compliance was sufficient. Although that position is not entirely satisfactory, I have reviewed the first set of disclosures, which included authorizations, and the compliance appears to be substantial. I do not find, then, that the noncompliance in this case falls into the egregious category, and the motion for summary judgment is denied.
Beach, J. CT Page 15011