[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT (118.00, 122.00, 124.00)
This civil action arises out of a purchase and sale agreement between the plaintiff's decedent, Larry Somma, Jr. and the defendants Dennis and Dorleen Fabian (Agreement) concerning a Connecticut corporation, Larry's Sunoco of Norwalk, Inc. (the Company). The Agreement called for the payment by the Fabians to Somma of $125,000 at its signing in 1987 and three additional payments of $50,000 evidenced by three separate promissory notes. The first $50,000 payment was due when and if the company renewed its franchise agreement with Sun Refining and Marketing Co., the second and third payments were due at the end of the first and second years respectively of the renewed franchise agreement. The parties appear to agree that the franchise agreement was renewed on September 19, 1988. The first and second $50,000 payments were made by the Fabians. The third note $50,000 became due on September 19, 1990, was not paid, and is at issue in this case (the Third Note).
Larry Somma, Jr. died in 1998 and his son Craig Somma, administrator of his father's estate, commenced this action in 1999 seeking, inter alia, the $50,000 principal and accrued interest representing the sums due under the Third Note. The Fabians answered the complaint and pleaded several special defenses including (1) tender of the $50,000 payment and refusal of such by Larry Somma; (2) forgiveness of the obligation by Larry Somma; (3) various breach of contract allegations; and (4) the six year statute of limitations, General Statutes § 52-576.
The Fabians have now moved for summary judgment on the ground that the action on the note is barred by the statute of limitations. The plaintiff Somma has moved for summary judgment seeking to uphold the validity of the Third Note and to enforce the terms of the Agreement.
 DISCUSSION
CT Page 362
Summary judgment may be rendered when the pleadings and proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book §17-49.
 In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . .
Gold v. Greenwich Hospital Association, 262 Conn. 248 (December 31, 2002).
A. Plaintiff's Motion For Summary Judgment
In support of his motion the administrator Craig Somma puts forth proof in affidavit and deposition testimony form, that the Fabians executed the Third Note and that it has not been paid. In opposition thereto the Fabians offer the affidavit of Dennis Fabian which sets forth statements of fact supporting the allegations of the special defense of tender and refusal and the special defense of forgiveness. This affidavit raises genuine issues as to material facts. The plaintiff's summary motion must be denied.
B. The Defendants' Motion For Summary Judgment
The heart of the defendants' summary judgment motion is the contention that the Third Note became due and payable on September 19, 1990 and that the plaintiff's complaint seeking payment of the note is barred by the six year statute of limitations on actions on a written contract. See General Statutes § 52-576. In opposing the motion, the plaintiff Somma has alleged that the Fabians have, from time to time, reaffirmed their monetary obligation as evidenced in the Third Note.
The Fabians point out that the alleged reaffirmation was not pleaded by Somma in his reply to their statute of limitations special defense. To remedy this Somma sought leave on September 30, 2002 to amend his reply to add allegations that the Fabians reaffirmed and acknowledged the debt "within six years of the commencement of this action." The Fabians object to the attempt to amend.
It is generally recognized that trial courts have considerable discretion in granting or denying requests to amend pleadings and that CT Page 363 leave to amend has been liberally granted unless it causes unfair prejudice to a party or unreasonable delay in the proceedings. Wagner v.Clark Equipment Co., Inc., 259 Conn. 114, 128 (2002). In this case, the court finds that while the plaintiff was tardy in raising this issue, there is no unfair prejudice to the defendants and the amendment will not delay any trial of this case, now scheduled for January 30, 2003. The request to amend is granted.
Turning now to the substance of the Fabians' motion, there is no issue as to the facts that the Third Note became due by terms on September 19, 1990 and this lawsuit was commenced well over six years after that date. However, Somma has submitted several affidavits in an effort to establish that the Fabians acknowledged the $50,000 debt some time after 1990 and the acknowledgment tolled the running of the statute of limitations. All of these affidavits refer to events that occurred after 1996, and the Fabians, citing authority from outside Connecticut, contend that even if they had acknowledged the debt, this occurred after the six year statute of limitation had expired, and therefore could not extend the limitations period. Neither party has brought to this court's attention any Connecticut cases bearing directly on this point, and the court is not aware of any. Nevertheless, the court concludes that Connecticut law would recognize the effect of an appropriate reaffirmation of a debt, even if occurred after the limitations period had expired. The Connecticut Supreme Court has stated:
 The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt . . .
Zapolski v. Sacks, 191 Conn. 194, 198 (1983) [quoting Buckley v.Buckley, 144 Conn. 403, 411 (1957)] Although the reaffirmation inZapolski took place within the limitations period, the fact that under Connecticut law the debt is not extinguished when the statute of limitations runs and the above quoted language persuades this court that Connecticut law would recognize reaffirmation as a defense even if it occurred after the limitations period expired.
In order for a reaffirmation or acknowledgment of a debt to toll or revive the limitations period, it must be clear and unequivocal so that it demonstrates that the debtor has voluntarily renounced the protection of the statute. Zapolski v. Sacks, supra. The Appellate Court has recently described the parameters of this issue:
 "A general acknowledgment of an indebtedness may be CT Page 364 sufficient to remove the bar of the statute. The governing principle is this. The determination of whether a sufficient acknowledgment has been made depends upon proof that the defendant has by an express or implied recognition of the debt voluntarily renounced the protection of the statute. . . . But an implication of a promise to pay cannot arise if it appears that although the debt was directly acknowledged, this acknowledgment was accompanied by expressions which showed that the defendant did not intend to pay it, and did not intend to deprive himself of the right to rely on the Statute of Limitations." (Citations omitted.) Dwyer v. Harris, 128 Conn. 397, 400, 23 A.2d 147 (1941). "[A] general acknowledgment may be inferred from acquiescence as well as from silence, as where the existence of the debt has been asserted in the debtor's presence and he did not contradict the assertion." Potter v. Prudential Ins. Co., 108 Conn. 271, 281, 142 A. 891
(1928).
Cadle Co. v. Errato, 71 Conn. App. 447, 461 (2002).
The affidavits presented by Somma in opposition to the Fabians' summary judgment motion essentially set forth three incidents. The first, in chronological order, recounts a 1997 conversation between the deceased Larry Somma, Jr. and Dennis Fabian which, read in the light most favorable to the plaintiff, indicates that Fabian was silent when Larry Somma demanded payment of the Third Note. The second incident, occurring in 1999, involved a meeting between Larry Somma's children and the Fabians in which a demand for payment from the Fabians was made and Dorleen Fabian responded "we have to pay my father first." An affidavit by Craig Somma dated September 30, 2002 adds that at that meeting the Fabians answered affirmatively a question from one of the Sommas "are we in agreement that the $50,000 is owed?" A third incident involved correspondence in which Dennis Fabian, in response to a demand letter, lists certain debts owed the Company and tells the plaintiff to "feel free" to collect them.
The Fabians contend that these affidavits are either inadmissible in part, or do not demonstrate the type of unequivocal reaffirmation of the debt required by Connecticut law to avoid the statute of limitations ban. There may be considerable merit to this position. However, the affidavits, on their face, do present an unresolved material issue of fact as to what was said, to whom was it said, and most importantly, what CT Page 365 was the intent of the Fabians in making the statements or not responding to others. The parties clearly dispute the interpretation to be given to what was said or not said. These are questions of fact which must be resolved by the trier of fact, which in the context of a summary judgment motion, this court is not.
The defendants' motion for summary judgment is also denied.
So Ordered.
 ___________________ ADAMS, J.
CT Page 366